## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMCHAK PARTNERS LIMITED PARTNERSHIP; JAMES P. BURGER, JR. and BARBARA H. BURGER; WILLIAM A. BURKE, II and CLARA BURKE; WILLIAM A. BURKE, III; EDWARD J. BURKE; DONALD G. FULLER and KAREN M. FULLER; RANDY K. HEMERLY; LAMAR R. KING; LINDA J. SCHLICK; AND JANET C. YOUNG, on Behalf of Themselves and All Others Similarly Situated, | Case No. _____ CLASS ACTION COMPLAINT AND JURY DEMAND |
| Plaintiffs | |
| v. | |
| CHESAPEAKE APPALACHIA, L.L.C., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Come now the Plaintiffs identified below ("Plaintiffs"), on behalf of themselves and all others similarly situated, and by and through their undersigned counsel, file this Complaint against Defendant Chesapeake Appalachia, L.L.C. ("Chesapeake" or "Defendant") and in support thereof state and aver as follows:

### I.   INTRODUCTION

1.     This is a class action to obtain monetary damages and declaratory and injunctive relief based on the underpayment of royalties by Chesapeake on natural

gas produced by Chesapeake under common oil and gas leases entered by Plaintiffs and similarly situated Class members in the Commonwealth of Pennsylvania.

## II.    PARTIES

### A.    Plaintiffs

2.    Plaintiff  Demchak Partners Limited Partnership is a limited partnership organized and existing under the laws of Pennsylvania.  Its principal place of business is located at 247 Jayne Lane, Meshoppen, Pennsylvania 18630. Its members/partners are Joseph P. Demchak and Billie S. Demchak, who, at all relevant times hereto, are citizens of Susquehanna County, Pennsylvania, residing at 247 Jayne Lane, Meshoppen, Pennsylvania 18630.

3.    Plaintiffs James P. Burger, Jr. and Barbara H. Burger, husband and wife, at all relevant times hereto, are citizens of Lehigh County, Pennsylvania. They reside at 4176 E. Rock Road, Allentown, Pennsylvania 18103.

4.    Plaintiffs William A. Burke, II and Clara Burke, husband and wife, at all relevant times hereto, are citizens of Susquehanna County, Pennsylvania. They reside at 196 Dean Road, Meshoppen, Pennsylvania 18630.

5.    Plaintiff William A. Burke, III, at all relevant times hereto, is a citizen of Susquehanna County, Pennsylvania. He resides at 5429 State Route 3001, Meshoppen, Pennsylvania 18630.

6.      Plaintiff Edward J. Burke, at all relevant times hereto, is a citizen of Susquehanna County, Pennsylvania.  He resides at 5024 State Route 3001, Meshoppen, Pennsylvania 18630.

7.      Plaintiffs Donald G. Fuller and Karen M. Fuller, husband and wife, at all relevant times hereto, are citizens of Susquehanna County, Pennsylvania.  They reside at 334 Live Hill Road, Meshoppen, Pennsylvania 18630.

8.      Plaintiff Randy K. Hemerly, at all relevant times hereto, is a citizen of Northampton County, Pennsylvania.  He resides at 1202 Bushkill Cnt. Road, Nazareth, Pennsylvania 18064.

9.      Plaintiff Lamar R. King, at all relevant times hereto, is a citizen of Lancaster County, Pennsylvania.  He resides at 2407 Valley View Road, Narvon, Pennsylvania 17555.

10.     Plaintiff Linda J. Schlick, at all relevant times hereto, is a citizen of Montgomery County, Pennsylvania.  She resides at 130 Third Street, Schwenksville, Pennsylvania 19473.

11.     Plaintiff Janet C. Young (f/k/a Janet Colwell), at all relevant times hereto, is a citizen of Cortland County, New York.  She resides at 7127 West Keeney Road, Cuyler, New York 13158.

12.     Each Plaintiff is the owner of property, including gas interests, in the Commonwealth of Pennsylvania.  Each Plaintiff is a party to one or more gas

leases under which Plaintiff or their predecessor-in-interest, as lessor, leased certain of their gas interests in Pennsylvania to Chesapeake, as lessee. True and correct copies of Plaintiffs' respective leases with Chesapeake are attached hereto as Exhibits A through J. The gas interests covered by the leases are located in the counties of Bradford or Susquehanna, Pennsylvania.

### B.    **Defendant**

13.    Defendant Chesapeake Appalachia, L.L.C. is a limited liability company organized and existing under the laws of the State of Oklahoma, with its principal place of business located in Oklahoma City, Oklahoma. For the purposes of this action, Chesapeake is a citizen of Oklahoma pursuant to 28 U.S.C. §1332(d)(10).

## III.   **JURISDICTION**

14.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 (d)(diversity jurisdiction) and the Class Action Fairness Act ("CAFA"), in that (i) there is diversity (Plaintiffs are citizens of Pennsylvania or New York, and Defendant is a citizen of Oklahoma), (ii) the aggregate amount in controversy exceeds five million dollars ($5,000,000) exclusive of interest and costs, and (iii) there are more than 100 members of the proposed Class.

15.     Defendant conducts substantial business in the Commonwealth of Pennsylvania, including, *inter alia*, producing gas and entering into agreements for the sale of property and property rights, and has sufficient contacts with Pennsylvania or otherwise intentionally avails itself of the laws of Pennsylvania, so as to sustain this Court's jurisdiction over the Defendant.

16.     Venue is proper in this District pursuant to 28 U.S.C. §1391 (a)(2) because a substantial part of the acts and transactions giving rise to the claims occurred in the Commonwealth of Pennsylvania and in this District, and pursuant to 28 U.S.C. § 1391(a)(3) because Defendant is subject to personal jurisdiction at the time this action is commenced.

## IV.   <u>DEFINITIONS</u>

17.     The following definitions apply to this Complaint:

a.     "Gas" means natural gas, including associated liquid hydrocarbons, that is not Processed Gas or Treated Gas.

b.     "Processed Gas" means natural gas that is processed for the recovery of natural gas liquids therefrom in a gas processing, absorption, stripping or similar plant with resulting natural gas liquids that are separately marketed and sold.  Natural gas is not Processed Gas solely because it is passed through a mechanical separator for the removal of liquid hydrocarbons at or near a well.

c.     "Treated Gas" means natural gas that is treated in a plant or facility designed for the removal of hydrogen sulfide, carbon dioxide, or other contaminants.  Natural gas is not Treated Gas solely because it is passed through a mechanical separator for the removal of liquid hydrocarbons, water, or contaminants at or near a well.

d.     "Market Enhancement Clause" means Royalty payment clauses or provisions in an oil and gas lease that preclude the lessee from deducting Post-Production Costs incurred to transform leasehold gas into marketable form or make such gas ready for sale or use but permit the lessee to deduct a pro rata share of Post-Production Costs incurred after the gas is marketable or ready for sale or use. Such clauses are often entitled or referred to as "Market Enhancement Clauses," "MECs" or "Ready for Sale or Use Clauses."

e.     "Pennsylvania Leases" means each and every oil and gas lease that (a) covers a leasehold located in Pennsylvania, (b) contains a Market Enhancement Clause, and (c) is or has been owned, in whole or in part, by Chesapeake as a lessee, according to the business records maintained by Chesapeake.

f.     "Royalty" means lessor royalty interests, and does not include overriding royalty interests.

- 6 -

## V.     COMMON FACTUAL BACKGROUND

18.     Plaintiffs and the Class Members have received and/or are entitled to receive Royalties from Chesapeake on Gas produced by Chesapeake under Pennsylvania Leases.  Chesapeake is responsible for the proper determination, calculation, distribution, and payment of Royalties due and owing to Plaintiffs and the Class Members on Gas produced by Chesapeake.

19.     Through the uniform practices, acts and omissions described herein, Chesapeake has failed to pay the true Royalties owed to Plaintiffs and the Class Members, and Plaintiffs and the Class Members have been and/or will be damaged in an amount to be proven at trial.

20.     Under the express terms of the Pennsylvania Leases, Chesapeake is not permitted to deduct from Royalty payments to Plaintiffs and the Class Members the costs Chesapeake incurs to transform Plaintiffs' and the Class Members' Gas into marketable form.

21.     Chesapeake's Gas production is moved from its wells through a series of gathering lines, dehydrators, and compressor stations, and eventually delivered to interstate pipelines, including to the Tennessee Gas pipeline and the Transco pipeline, for sale and delivery to various end-use customers.  Substantial volumes of water are entrained in the raw gas stream, and the Gas must be dehydrated in order for the Gas to meet the quality specifications of the interstate pipeline

22.     When calculating its Royalty payments to Plaintiffs and the Class Members, Chesapeake deducts costs for various "post-wellhead" activities, including costs for gathering, dehydration, compression, and otherwise placing the Gas onto the interstate pipeline system.

23.     Plaintiffs contend that Chesapeake's Gas is not in marketable form until it meets the quality and pressure specifications of the interstate pipeline into which it is delivered.  Plaintiffs contend, therefore, that the raw Gas produced by Chesapeake is not marketable at the well and that Chesapeake's deductions for gathering, dehydration and compression are improper and in breach of the Pennsylvania Leases, i.e., the deductions are for activities that are necessary to transform the Gas into marketable form.  Plaintiffs contend, alternatively, that some of the costs deducted by Chesapeake were in excess of actual and reasonable costs and such costs were, therefore, deducted in breach of the Pennsylvania Leases.

24.     Chesapeake has deducted and will, upon information and belief, continue to deduct costs for gathering, dehydration and compression.  Chesapeake should be enjoined and restrained from taking such deductions under the Pennsylvania Leases in the future.

25.     Based on the implied duty to market and/or the duty to act as a reasonable prudent operator, which duties are imposed on Chesapeake as a matter of law, Chesapeake is also obligated to market and sell its Gas production at the highest price obtainable.  Chesapeake has, upon information and belief, sold Gas in an unmarketable condition to affiliates or third parties, who (a) perform the activities that are necessary to place the Gas in a marketable condition, and (b) then sell the Gas in a marketable condition at an increased price (e.g., at fair market value).  Chesapeake pays Royalties to Plaintiffs and the Class Members based on its sales of Gas in an unmarketable condition at below-market prices, instead of based on the (higher) fair market value prices Chesapeake could and should have obtained from the sale of Gas in a marketable condition.  Chesapeake breached its duty to market and underpaid the Royalties owed to Plaintiffs and the Class Members by selling Gas in an unmarketable condition and paying Royalties based on such below-market prices; and Chesapeake also utilized such transactions to improperly impose on Plaintiffs and the Class Members the costs of placing the Gas produced by Chesapeake in a marketable condition.

## VI.   CLASS ACTION ALLEGATIONS

26.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and the Class, defined as follows:

>       All individuals and entities, including their predecessors
>       and successors-in-interest, who are lessor parties to an oil

and gas lease that (a) covers a leasehold located in
Pennsylvania, (b) contains a Market Enhancement
Clause, and (c) is or has been owned, in whole or in part,
by Chesapeake as a lessee, according to the business
records maintained by Chesapeake.

27. Excluded from the Class are: (a) Chesapeake, Chesapeake's affiliates, and their respective predecessors and successors; (b) any person or entity who owns a working interest in or operates a gas well in Pennsylvania; (c) any person or entity who receives royalty in kind pursuant to a Pennsylvania Lease; (d) any person (i) whose lease contains a Market Enhancement Clause, (ii) to whom Chesapeake has made no Royalty payments as of the date of this Agreement, and (iii) whose lease has been sold, transferred, and/or assigned by Chesapeake in its entirety as of the date of this Agreement; (e) any person or entity who has previously released Chesapeake from liability concerning or encompassing any or all Settled Claims; (f) the federal government; (g) the Commonwealth of Pennsylvania; (h) legally-recognized Indian Tribes; and (i) any Judge or Magistrate presiding over this action and members of their families.

28. *Numerosity:* The members of the Class ("Class Members") are so numerous that joinder of all members is impractical. The precise number and identity of Class Members is unknown to Plaintiffs. However, upon information and belief, Plaintiffs believe it is in excess of 1,000. Moreover, upon information and belief, the number and identity of Class Members is ascertainable from

Defendant's records and the Class Members may thus be notified of the pendency of this action by first class mail.

29.    *Commonality:* There are questions of law and/or fact common to the Class that predominate over any questions affecting individual Class Members. These questions are capable of classwide resolution, and answering them will resolve issues central to the validity of Plaintiffs' claims. These questions include, but are not limited to, the following:

a.    The methodology and underlying records used by Chesapeake to calculate Royalties due to Plaintiffs and the Class Members;

b.    The gas prices (per MCF and/or per MMBtu) used by Chesapeake to make its Gas Royalty payments to Plaintiffs and the Class Members on Gas produced by Chesapeake, and the transactions upon which those gas prices were based;

c.    Whether the gas prices used by Chesapeake to make its Royalty payments to Plaintiffs and the Class Members on Gas produced by Chesapeake were less than the fair market value prices for such Gas;

d.    The types of post-wellhead costs and other fees, costs, and expenses that were charged, directly or indirectly, by Chesapeake to Plaintiffs and the Class Members;

e.      Whether the post-wellhead costs charged by Chesapeake to Plaintiffs and the Class Members are improper as a matter of law and/or fact; and

f.      Whether Chesapeake has violated its duty to properly account and pay Royalties to Plaintiffs and the Class Members on Gas produced in Pennsylvania as a result of the acts and omissions described herein.

30.     The common pattern of conduct by Defendant (along with the common theories for redressing the misconduct) support the maintenance of this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31.     _Typicality:_ Plaintiffs' claims are typical of the claims of the Class, as all such claims arise out of Chesapeake's uniform practice of making deductions for gathering, dehydration and compression of the Gas (breach of leases), including Chesapeake's practice of selling Gas in an unmarketable condition, paying Royalties based on such below-market prices, and utilizing such transactions to improperly impose on Plaintiffs and the Class Members the costs of placing the Gas produced by Chesapeake in a marketable condition.

32.     _Adequate Representation:_  Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class.  Plaintiffs have retained counsel with experience in complex class action litigations, including actions involving breaches of oil and gas leases and underpayment of royalties.

Plaintiffs and their counsel are committed to prosecuting this action vigorously on

behalf of the Class they represent, and have the financial resources to do so.

Neither Plaintiffs nor their counsel have any interest adverse to those of the Class.

33.    _Predominance and Superiority:_ This class action is appropriate for

certification because questions of law and fact common to the members of the

Class predominate over questions affecting only individual members and a class

action is superior to other available methods for the fair and efficient adjudication

of this controversy, since individual joinder of all members of the Class is

impracticable.  Absent a class action, many members of the Class will find the

litigation costs regarding their claims so prohibitive that they effectively would be

unable to seek any redress at law.  Because of the size of the individual Class

Members' claims, many could not afford to seek legal redress or the relief

requested for the wrongs set forth herein.  A Class Action is the only realistic

method available for the fair and efficient adjudication of this controversy. The

expense and burden of individual litigation makes it impracticable for members of

the Class to seek redress individually for the wrongful conduct alleged herein.

Were each individual Class Member required to bring a separate lawsuit, the

resulting multiplicity of proceedings would cause undue hardship and expense for

the litigants and the Court, and create the risk of inconsistent rulings that would be

contrary to the interest of justice and equity. Absent a class action, Defendant will

probably continue the improper and wrongful conduct herein described, the Class

Members will continue to be damaged by Defendant's wrongful conduct, and

Defendant's violations of the law will continue without remedy.

## VII.   CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

34.     Plaintiffs, individually and on behalf of all other similarly situated,

restate and incorporate herein by reference all of the allegations contained in the

above numbered paragraphs.

35.     Plaintiffs and the Class Members entered into the Pennsylvania

Leases, which are contracts pursuant to which Chesapeake owed and owes

Royalties for the production and sale of Gas.

36.     The above-described conduct constitutes violations and breaches of

the express and implied obligations which Chesapeake owes to Plaintiffs and the

Class Members under their Pennsylvania Leases, including, but not limited to, the

Market Enhancement Clause that prohibits Chesapeake from taking deductions

from Royalties owed to Plaintiffs and Class members and implied duties that

require Chesapeake to market the Gas and obtain the highest price obtainable for it.

37.     Plaintiffs and the Class Members have been damaged as a result

thereof and are entitled to recover their actual damages from Chesapeake, statutory

or other interest at the maximum lawful rate, and any and all other relief deemed appropriate by the Court.

## COUNT II
## BREACH OF IMPLIED DUTIES

38.     Plaintiffs, individually and on behalf of all other similarly situated, restate and incorporate herein by reference all of the allegations contained in the above-numbered paragraphs.

39.     At all times material to this Complaint, Chesapeake owed and owes Plaintiffs and the Class Members certain obligations resulting from implied covenants and duties, including the duty to market, the duty to obtain the highest price obtainable for Gas produced, the duty to act as a reasonably prudent operator, and the duties of good faith and fair dealing.

40.     The above-described conduct constitutes violations and breaches of the implied duties which Chesapeake owes to Plaintiffs and the Class Members as a matter of law.

41.     Plaintiffs and the Class Members have been damaged as a result thereof and are entitled to recover their actual damages from Chesapeake, statutory or other interest at the maximum lawful rate, and any and all other relief deemed appropriate by the Court.

## COUNT III
## REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF

42.    Plaintiffs, individually and on behalf of all other similarly situated, restate and incorporate herein by reference all of the allegations contained in the above-numbered paragraphs.

43.    Defendant will continue the improper and wrongful conduct herein described, the Class Members will continue to be damaged by Defendant's wrongful conduct, and Defendant's violations of the law will continue without remedy.

44.    Plaintiffs and Class Members have been damaged and are threatened with damages by Defendant's continued (1) deductions from Royalties owed to Plaintiffs in violation of the Market Enhancement Clause, and (2) sales of Gas in an unmarketable condition at prices less than the highest prices obtainable.

45.    Defendant has acted, and threatened to act, on grounds generally applicable to the individual members of the Class, thereby making appropriate preliminary and permanent injunctive relief enjoining Defendant from engaging in the improper and wrongful conduct heretofore alleged.

46.    Irreparable harm will be done if the injunction is denied.

47.    The balance of equities is in favor of granting the injunction, as Plaintiffs and the Class have been injured by Defendant's actions and will continue to be injured absent the requested injunctive relief.

1078878.2

48.    A legitimate dispute exists, wherein Plaintiffs claim, *inter alia*, that Defendant improperly and in violation of the Pennsylvania Leases deducts certain expenses and does not sell its Gas production at the highest price obtainable, and Defendant denies the same.  The early resolution of these legal rights will resolve some or all of the other issues in this matter.

## XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request, on behalf of themselves and the Class, that this Court:

1.    Enter an order certifying Plaintiffs' Class, pursuant to Rule 23, appointing Plaintiffs as Class Representatives, and appointing the undersigned counsel of record as Class Counsel;

2.    Enter judgment in favor of each Class Member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

3.    Award Plaintiffs reasonable attorney fees and costs;

4.    Enter an order for injunctive and declaratory relief and enjoining Defendant from pursuing the policies, acts and practices described in this Complaint; and

5.    Grant such other and further legal and equitable relief as this Court deems just and necessary.

Dated:  August  30, 2013           PLAINTIFFS

By:   *s/Alexandra C. Warren*         
Charles J. LaDuca (*Pro Hac Vice* to Be
Submitted)
Alexandra C. Warren (PA Bar No. 93651)
Cuneo Gilbert & LaDuca, LLP
507 C Street, NE
Washington, DC 20002
Tel:  (202) 789-3960
Fax: (202) 789-1813
awarren@cuneolaw.com

 Michelle R. O'Brien (PA Bar No. 90470)
THE O'BRIEN LAW GROUP LLC
3738 Birney Avenue
Moosic, PA 18507
Telephone: (570) 575-2094
Facsimile: (570) 309-0147
mobrien@theobrienlawgroup.com

Larry D. Moffett (*Pro Hac Vice* to Be
Submitted)
DANIEL COKER HORTON & BELL, P.A.
265 North Lamar Boulevard, Suite R
P.O. Box 1396
Oxford, MS  38655
Telephone:  (662) 232-8979
Facsimile:   (662) 232-8940
lmoffett@danielcoker.com

Charles E. Schaffer (PA Bar No. 76259)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone:  (215) 592-1500
Facsimile: (215) 592-4663
CSchaffer@lfsblaw.com

David S. Stellings (*Pro Hac Vice* to Be
Submitted)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
dstellings@lchb.com

John W. ("Don") Barrett (*Pro Hac
Vice* to Be Submitted)
Barrett Law Group
Post Office Drawer 927
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com

*Attorneys for Plaintiffs and All Others
Similarly Situated*

1078878.2