
Paul R. Mazzoni
Gerard M. Karam
John Petorak, Jr.
Rocco V. Valvano, Jr.
Christopher J. Szewczyk

**Mazzoni Karam Petorak & Valvano**
ATTORNEYS AT LAW

October 4, 2013

<u>**VIA ELECTRONIC CASE FILING**</u>

Honorable Malachy E. Mannion
United States District Court for the
Middle District of Pennsylvania
235 N. Washington Avenue
Scranton, PA 18503

    Re: *Demchak Partners Limited Partnership, et al. v. Chesapeake Appalachia, L.L.C.*, Case No. 3:13-cv-02289

Dear Judge Mannion,

    We represent the Proposed Intervenors in the above-referenced matter. We write in response to Settlement Counsel and Chesapeake's Joint Motion filed October 2, 2013 seeking, yet again, preliminary approval of their settlement – before Proposed Intervenors can even be heard on their dispositive motion. We find the haste with which the parties wish to settle this matter – filed a little over one month ago – to be prejudicial to all of the proposed intervenors, who now include: (i) the 110 clients we currently represent,[1] (ii) the putative arbitration class (numbering in the thousands), and (iii) Mr. Sidorek, who has separate counsel but likewise seeks intervention. We also find it to be unfair to the entire putative settlement class, who deserve the best possible representation and recovery.

    To preliminarily approve a settlement under these circumstances would deprive these parties of their opportunity to be heard, and deprive the court of the full record it needs to certify a class, appoint class lead counsel, and preliminarily approve a multi-million-dollar settlement with economic consequences far into the future. *See, e.g., In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995) (in preliminarily approving a settlement, the court must "independently and objectively analyze the evidence and circumstances before it" to determine whether the proposed settlement is "fair, reasonable, and adequate," especially as regards absent class members).

    Settlement Counsel and Cheapeake's haste cannot be overlooked.

---

[1] As described in our Memorandum of Law and accompanying Clark Second Declaration, we have new clients who will be moving to join as additional proposed intervenors.

Bank Towers • Suite 201 • 321 Spruce Street  Scranton, Pennsylvania 18503 • Phone: 570-348-0776 • Fax: 570-348-2755
*www.mkpvlaw.com*

- First, they filed their motion for preliminary approval on the same day as Settlement Counsel filed the Complaint, on August 30, 2013. [Docket #3]. At no time did they inform the AAA Panel or Landowners' Class Counsel of this court filing. (Nor did they invite Landowners' Class Counsel to mediation or settlement talks.)

- Second, at a conference held on or about September 10, 2013, they asked the Court to preliminarily approve the settlement. Was the Court informed, at this conference, of the existence of the AAA class arbitration that had been filed on April 1, 2013?

- Third, on September 16, 2013 (and only 4 days after Proposed Intervenors filed their motion), Chesapeake requested a status conference "[t]o the extent the Court has any *remaining* questions regarding preliminary approval or the Burketts' Motion." [Docket # 29] (emphasis added). Obviously, there were far more than "remaining" questions when Landowners' Class Counsel had not yet submitted their Memorandum of Law in support of Proposed Intervenors' motion. [Accordingly, in response, Landowners' Class Counsel respectfully requested that the Court delay deciding the motion for preliminary approval until such time as they could fully brief their position and be heard.] [Docket #30].

- Fourth, seven days later (again prior to Landowners' Class Counsel's submission of their Memorandum of Law), Settlement Counsel wrote the court urging that the settlement go through immediately:

   > The purpose of this letter is only to emphasize that the Burketts' motion need not delay or impede in any way the Court's consideration of Plaintiffs' pending motion for preliminary approval.

[Docket #33, filed on September 23, 2013]. In this letter, Settlement Counsel mischaracterized the motion brought by Proposed Intervenors, stating that "[t]wo members of the proposed class, Russell E. Burkett and Gayle Burkett, have moved to interevene." In fact, the Proposed Intervenors included 87 named individuals and thousands of people in the putative arbitration class (as described above). Settlement Counsel concluded its letter stating that "[t]he Burketts' motion should not delay the orderly consideration of the proposed class action settlement."

- Fifth, yet again minutes before Landowners' Class Counsel filed their Memorandum of Law (timely per the Court's extension), Settlement Counsel and Chesapeake jointly moved the court to schedule and conduct a preliminary hearing on its motion, and that it do so "at the earliest possible time." [Docket #39].

2

Landowners' Class Counsel has grave concerns about the haste with which Settlement Counsel and Chesapeake seek to proceed. A dispositive motion should be considered before thousands of landowners are sent notice of a putative settlement.

Briefing on the motion to intervene is scheduled to close on October 30, 2013 [Docket #38]. In the meantime, the AAA Panel is moving forward with the class arbitrability hearing, which will occur after briefing closes on November 25, 2013. Success by the class on the issue of class arbitrability before the AAA Panel will significantly benefit the class, and in particular its bargaining power. In any event, there is absolutely no prejudice to the putative *Demchak* class in waiting for the Court's careful consideration of all matters presented (including the motion to intervene) before any preliminary approval of the settlement because the settlement itself has a recovery start date of September 1, 2013. (*See* Settlement [Docket #3-2] at ¶ 1.43.)

Respectfully,

_____
Douglas A. Clark, Esquire

_____
Gerard M. Karam, Esquire

_____
Francis P. Karam, Esquire


cc: All Counsel of Record (via ECF)

3