# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMCHAK PARTNERS LIMITED PARTNERSHIP; JAMES P. BURGER, JR., and BARBARA H. BURGER; WILLIAM A. BURKE, II and CLARA BURKE; WILLIAM A. BURKE, III; EDWARD J. BURKE; DONALD G. FULLER and KAREN M. FULLER; RANDY K. HEMERLY; LAMAR R. KING; LINDA J. SCHLICK; and JANET C. YOUNG, on Behalf of Themselves and All Others Similarly Situated, | : <br> : <br> : <br> : Case No. 3:13-cv-02289 <br> : <br> : Hon. Malachy E. Mannion <br> : |
| Plaintiffs, | |
| v. | |
| CHESAPEAKE APPALACHIA, L.L.C., | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

NOW, comes the proposed Intervenor, Paul Sidorek, by and through counsel, Abrahamsen, Conaboy & Abrahamsen, and in support of his Petition to Intervene states the following:

## I. FACTUAL BACKGROUND

Pursuant to Federal Rule of Civil Procedure 24, the proposed Intervenor Paul Sidorek respectfully moves this Court for an Order granting them intervention as a party under Rule 24(a)(2) or, in the alternative, Rule 24(b).

The proposed Intervenor, Paul Sidorek, is a current leaseholder with

Chesapeake Appalachia, L.L.C.

Originally, Mr. Sidorek negotiated and signed his lease and royalty agreement with another entity known as Southwest Energy. Subsequently, the lease owned by Paul Sidorek was assigned by Southwest Energy to Chesapeake Appalachia, L.L.C. Mr. Sidorek negotiated the terms of his lease agreement with Southwest Energy with two primary components involved in his negotiations. The first primary component in his negotiations of the lease agreement was specifically his ability to pursue any claims for violations of the lease agreement in Court.

Mr. Sidorek currently has an existing lawsuit against Chesapeake Appalachia, L.L.C. for claims of breach of the royalty agreement, breach of post production fees and breach of the contract in general for failing to develop other portions of his acreage pending before this Court under Civil Term Number: 3:13-CV-208.

Chesapeake Appalachia, L.L.C. is seeking to compel that matter to arbitration even though the lease agreement specially says otherwise. The existing matter of <u>Sidorek v. Chesapeake Appalachia, L.L.C.</u> is extremely similar to the issues of the instant settlement proposal.

Mr. Sidorek and his counsel have had opportunities to review the proposed settlement agreement. The proposed settlement agreement is insufficient and wholly unbalanced for the landowners in its terms. Mr. Sidorek's lease, such as many other leases, has a market enhancement clause. Mr. Sidorek's lease agreement also has a

separate paragraph in which he specifically negotiated a prohibition of Chesapeake Appalachia, L.L.C.'s rights to collect any, "post production fees."

A settlement wherein Mr. Sidorek would now be compelled to allow Chesapeake Appalachia to collect 72.5% of post production fees when its lease agreement says they are not entitled is unconscionable and certainly not appropriate.

Mr. Sidorek believes that there are many other leaseholders in Wyoming and Susquehanna Counties that have similar leases to his that are not aware of the appropriate options that they could have outside the scope of this settlement agreement.

Additionally, the language in the settlement agreement does not properly define what Chesapeake Appalachia, L.L.C. can charge and how it calculates the purported "post production fees." There is no oversight as to what reimbursement Chesapeake Appalachia, L.L.C. will provide for the post production fees already deducted. There are no facts of record in the instant matter that even establish Chesapeake Appalachia, L.L.C.'s rights to claim 72.5% in "post production fees" or any fees for that matter.

Finally, the Intervenor, Paul Sidorek, joins in the Petition to Intervene filed by Intervenor Burkett, on behalf of themselves and their punitive arbitration class, in their request for relief seeking to have the settlement dismissed and in the alternative seeking opportunities to depose and gather information about the settlement that was reached.

## II. QUESTIONS PRESENTED

Whether or not Paul Sidorek should be granted intervention?

Suggested answer: In the affirmative.

## III. ARGUMENT

It should be noted that proposed Intervenor, Paul Sidorek, joins in the heart and argument of Intervenor Burkett as outlined in their Memorandum of Law filed on October 2, 2013. Particularly, Intervenor, Paul Sidorek, simply joins in their proposed intervention and allowance to proceed as a party in the instant action.

Federal Rule of Civil Procedure 24(a)(2) provides that

> [o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FRCP 24(a)(2). The third Circuit requires four factors: (1) a timely application; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by disposition of the underlying action; and (4) the existing parties to the action do not adequately represent the prospective intervenor's interests. *See Kleissler v. U.S. Forest Serv.,* 157 F.3d 964, 969 (3d Cir. 1998); *American Farm Bureau Federation v. United States EPA,* 278 F.R.D. 98, 103-04 (M.D. Pa. 2011).

Rule 24(b)(1)(B) (permissive intervention) states that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with

the main action a common question of law or fact." FRCP 24(b)(1)(B). The ultimate determination is left to the court's discretion. *See United states ex rel. Frank M. Sheesley Co. V. St. Paul Fire & Marine Ins. Co.,* 239 F.R.D. 404, 409 (W.D. Pa. 2006).

Intervention is warranted in this case. The application is timely as the case was filed very recently and rulings have yet to be made. The Proposed Intervenor, has a sufficient interest at stake as any settlement would potentially release his pending lawsuit. In light of numerous issues regarding the settlement's inadequacy,[1] a grave threat exists that this settlement would impair his interests (as indicated in Intervenor Burkett's Brief). Proposed Intervenors have a concrete interest (not shared by Settlement Counsel) in precluding Chesapeake from thwarting the arbitration process. *See, e.g., Trbovich v. UMW,* 404 U.S. 528, n. 10 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be'

---

[1] As described in the Motion of Burkett, these issues include:
- Because the settlement provides class members with only 27.5% of future wrongful deductions in perpetuity (18.3% for the next five years after legal fees), it is inadequate and reflects a discount due to Settlement Counsel's consent to a class release, rather than the probability of success in litigation on the Market Enhancement Clause.
- Settlement Counsel's estimate recovery of $7.5 million, representing 55% of past wrongful deductions (26.6% after legal fees) is low.
- The release is overbroad because it exceeds the scope of claims presented in the complaint. It also encourages future bad conduct by releasing Chesapeake from claims for future wrongdoing.

inadequate; and the burden of making that showing should be treated as minimal.") (citing 3B J. Moore, Federal Practice. ¶ 24.09-1[4] (1969); *Mt. Top Condo. Ass'n v. Dave Stabbert master Builder, Inc.,* 72 F.3d 361, 366 (3d Cir. 1995) (granting intervention where intervenor's interest in a specific fund may have been affected by the litigation).

In the alternative, permissive intervention is warranted because common claims, defenses, and questions of law are pending before the AAA. *See, e.e., United States ex rel. Frank M. Sheesley Co.,* 239 F.R.D. 404, 414-16 (W.D. Pa. 2006) (granting permissive intervention where "the very same questions of law and fact that would be litigated in this action on the bond would be involved in the . . . arbitration."; agreeing that "[p]ermissive intervention would therefore 'promote judicial efficiency, prevent multiple actions, and permit the Court to . . . promot[e] the strong federal policy in favor of arbitration."); *Deutschman v. Beneficial Corp.,* 132 F.R.D. 359 n. 7 (D. Del 1990) (permitting class member to intervene; noting that "[e]ven if [he] elected to opt out of the plaintiff class, his interest would still be affected by the outcome of the litigation because the court's determination as to [the underlying merits of the case] might have a collateral estoppel effect on any suit he might subsequently bring on his claims"); *Groves v. Insurance Co. Of North America*, 433 F. Supp. 877, 889 (E.D. Pa. 1977) (class member permitted to intervene to improve or strengthen class representation); *Ardrey v. Federal Kemper Ins. Co.,* 142

F.R.D. 105, 117 (E.D. Pa. 1992) (same); *Cullen v. Whitman*, 197 F.R.D. 136, 146 (E.D. Pa. 2000) (class members permitted to intervene individually and as class representatives).

Mr. Sidorek also brings an interesting additional element to this matter not addressed by the Burkett intervenors. Specifically, Mr. Sidorek is a member of a prospective group of lessors/ landowners that signed original leases with parties other than Chesapeake Appalachia, LLC. Subsequently, Mr. Sidorek's lease, as well as many others, were assigned by their original contract holders to Chesapeake Appalachia, LLC. Thus, the terms and conditions negotiated in their lease agreements were not negotiated and had no participation by Chesapeake Appalachia, LLC in their terms and ultimately consummation of those contracts. As such, those people are being wronged by this Chesapeake settlement as they were never even parties to original contracts with Chesapeake. Thus, they should be provided further detailed information from Chesapeake before determining whether any settlement is appropriate. Intervention is necessary on behalf of Mr. Sidorek to develop the facts of those prospective individuals who did not sign original leases with Chesapeake Appalachia, LLC.

**IV. CONCLUSION**

Based on the foregoing case law set forth above as well as the argument set forth in the Petition to Intervene filed by the Burkett class, it is respectfully requested

that Paul Sidorek be granted permission to intervene.

                                 Respectfully submitted,

                                 ABRAHAMSEN, CONABOY & ABRAHAMSEN, P.C.

                     By:    /s/ Edwin A. Abrahamsen, Jr.
                             Edwin A. Abrahamsen, Jr. Esquire
                             Attorney ID Number 92851

                             1006 Pittston Avenue
                             Scranton, PA 18505
                             (570) 348-0200
                             cabrahamsen@law-aca.com

# CERTIFICATE OF SERVICE

I, Edwin A. Abrahamsen, Jr., Esquire, do hereby certify that on the 15th day of October, 2013, I filed a true and correct copy of the attached "Memorandum of Law in Support of Motion to Intervene" via Electronic/ECF System.

                                      Respectfully Submitted,

By:  /s/ Edwin A. Abrahamsen, Jr.
       Edwin A. Abrahamsen, Jr.
       Attorney ID No. 92851
       cabrahamsen@law-aca.com
       Abrahamsen, Conaboy & Abrahamsen, P.C.
       1006 Pittston Avenue
       Scranton, PA 18505
       (570) 348-0200