UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMCHAK PARTNERS LIMITED PARTNERSHIP; JAMES P. BURGER, JR. and BARBARA H. BURGER; WILLIAM A. BURKE, II and CLARA BURKE; WILLIAM A. BURKE, III; EDWARD J. BURKE; DONALD G. FULLER and KAREN M. FULLER; RANDY K. HEMERLY; LAMAR R. KING; LINDA J. SCHLICK; AND JANET C. YOUNG, on Behalf of Themselves and All Others Similarly Situated, <br><br>            Plaintiffs <br><br>    v. <br><br> CHESAPEAKE APPALACHIA, L.L.C., <br><br>            Defendant. | Case No. 3:13-cv-02289 <br> Hon. Malachy F. Mannion |

## MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE

## I.     Introduction

Plaintiffs oppose the motion of Paul Sidorek to intervene. Because Mr. Sidorek's memorandum (Dkt. No. 49), which was not timely filed under this Court's Local Rules, is largely a verbatim reproduction of the brief filed in support of Russell E. Burkett's and Gayle Burkett's previously filed motion to intervene (Dkt. No. 40), Plaintiffs refer to and incorporate their response in opposition to the Burketts' motion (Dkt. No. 50) here. Like the Burketts before him, Mr. Sidorek

-1-

fails to satisfy the requirements for either intervention of right under Rule 24(a) or permissive intervention under Rule 24(b). Also like the Burketts before him, Mr. Sidorek's attempt to intervene in this case creates needless inefficiencies and contravenes the Federal Rules' established structure and sequence for a district court's consideration of a proposed class action settlement.

Mr. Sidorek may opt-out of the class and pursue his individual case against Chesapeake in federal court, where he has filed a case, and where he has opposed Chesapeake's motion to compel arbitration. Or he may opt-out and attempt to proceed in arbitration, which his memorandum also indicates he may prefer after all. He may also stay in the class, voice his concerns about the settlement as a class member. With these routes available to him, there is no reason for Mr. Sidorek to intervene in this case. Any complaints or concerns he has about the proposed settlement can and should be heard in the context of the established procedures for evaluation of a class settlement.

## II. Argument

### A. Mr. Sidorek's Motion is Not Timely.

Mr. Sidorek filed his motion on September 25, 2013. Under Local Rule 7.5, he then had fourteen days to file a brief in support of his motion. Mr. Sidorek failed to do so, waiting until October 15, 2013 to file his brief. Local Rule 7.5 provides, "If a supporting brief is not filed within the time provided in this rule the

-2-
1137675.1

motion shall be deemed to be withdrawn." The terms of this rule are mandatory. Mr. Sidorek's motion should be deemed to have been withdrawn.

### B. Mr. Sidorek Should Not Be Permitted to Intervene Because He Retains the Ability to Opt-Out of the Proposed Class Settlement[1].

Mr. Sidorek's motion reflects a misunderstanding of the proposed class action settlement and the two-part procedure that this Court follows in considering whether to grant preliminary approval and then final approval. The settlement does not "release [Mr. Sidorek's] pending lawsuit," as he fears (Dkt. No. 49, at 5), until it is finally approved and only if Mr. Sidorek does not opt-out. Class members such as Mr. Sidorek are not bound by the settlement if they choose to exercise their opt-out right, a decision that they will have ample time to consider after receiving notice. If Mr. Sidorek is not satisfied by the terms of the settlement and believes he can litigate to a better outcome on his own or in seeking some type of joinder with the Burketts in their arbitration, he may pursue those options.[2] However, given his ability to opt-out, there is absolutely no impairment of interest that warrants intervention of right. As Plaintiffs stated in opposing the Burketts'

---

[1] Mr. Sidorek's arguments in support of intervention do not differ from the Burketts' arguments. Accordingly, Plaintiffs refer to and incorporate herein pages 4-10 of their opposition (Dkt. No. 50) to the Burketts' motion.

[2] It is unclear what Mr. Sidorek's preference is. On the same page that he worries that the class settlement will "potentially release his pending lawsuit," he also states a "concrete interest" in preventing the arbitration process from being "thwart[ed]." Dkt. No. 49, at 5. Whatever his intentions, neither concern merits intervention.

-3-

motion, courts have repeatedly so held under similar circumstances. *See* Dkt. No. 50, at 4-6.

Mr. Sidorek's request for permissive intervention, pasted from the Burketts' brief, also fails. It is somewhat difficult to make out Mr. Sidorek's argument that he should be permitted to intervene here "because common claims, defenses, and questions of law are pending before the AAA" in an arbitration in which he is not involved and when he is otherwise resisting the arbitral forum. Whatever the basis for his request, it fails for the same reason that the Burketts' request for permissive intervention fails – because intervention here "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). Plaintiffs set forth the delay and prejudice that would result from the Burketts' intervention in Plaintiffs' opposition to the Burketts' motion, and refer to and incorporate that discussion here. *See* Dkt. No. 50, at 7-10. There is no prejudice to Mr. Sidorek or the Burketts in exercising their rights as class members to either accept the settlement's benefits or opt-out. In delaying the prompt and orderly consideration of the settlement, however, the prejudice to Plaintiffs and Class members, who wish to realize the immediate benefits of the settlement, is concrete and severe.

## III. <u>Conclusion</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Mr. Sidorek's motion to intervene.

-4-

1137675.1

Respectfully submitted,

Dated: October 25, 2013

By:   */s/ Michelle R. O'Brien*
Michelle R. O'Brien
THE O'BRIEN LAW GROUP LLC
3738 Birney Avenue
Moosic, PA 18507
Telephone: (570) 575-2094
Facsimile: (570) 309-0147
mobrien@theobrienlawgroup.com

| | |
|---|---|
| Charles E. Schaffer<br>LEVIN, FISHBEIN, SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Telephone: (215) 592-1500<br>Facsimile: (215) 592-4663<br>CSchaffer@lfsblaw.com | Larry D. Moffett<br>DANIEL COKER HORTON & BELL, P.A.<br>265 North Lamar Boulevard, Suite R<br>P.O. Box 1396<br>Oxford, MS 38655<br>Telephone: (662) 232-8979<br>Facsimile: (662) 232-8940<br>lmoffett@danielcoker.com |
| Charles J. LaDuca<br>CUNEO GILBERT & LADUCA, LLP<br>8120 Woodmont Avenue<br>Suite 810<br>Bethesda, MD 20814<br>Telephone: (202) 789-3960<br>Facsimile: (202) 789-1813<br>charles@cuneolaw.com | John W. ("Don") Barrett<br>Sarah Sterling Starns<br>BARRETT LAW GROUP<br>Post Office Drawer 927<br>Lexington, MS 39095<br>Telephone: (662) 834-2488<br>Facsimile: (662) 834-2628<br>dbarrett@barrettlawgroup.com<br>sstarns@barrettlawgroup.com |

David S. Stellings
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
dstellings@lchb.com

*Attorneys for Plaintiffs and All Others Similarly Situated*

# CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the foregoing on counsel of record via electronic case filing.

Executed on this the 25th of October, 2013.

                                               */s/ Michelle R. O'Brien*
                                                     Michelle R. O'Brien

1137675.1