FILED
SCRANTON

NOV 1 8 2013

PER _____
DEPUTY CLERK

Wyoming County Landowners
33 Holly Forest Rd.
Mt. Pocono, PA 18344

The Honorable Malachy E. Mannion
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

Ref: Civil Docket for Case#:3:13-cv-02289-MEM, Demchak Partners Limited Partnership et al v. Chesapeake Appalachia, L.L.C.)

Judge Mannion,

In 2007, a group of volunteers from Wyoming County, Pennsylvania, seeking to provide information related to protecting our property and ensuring timely and responsible development, and the potential leveraging of a large number of landowners working together with common goals to negotiate a better lease, formed the Wyoming County Landowners, LLC, (WCLO) a nonprofit organization. A core group of approximately two dozen volunteers representing different areas of the county met to review various lease provisions and discuss local and individual concerns related to the gas industry and then returned to their regions to disseminate the information. Through these efforts, the WCLO email list grew to 1669 recipients, of which 1245 committed to sign a contract negotiated by the WCLO.

In 2009, WCLO negotiated a twenty plus (20+) page oil and gas lease with Chesapeake Appalachia LLC. (CHK) that covered an initial list of 1348 parcels of property, representing 38,884 acres. That list was later amended by email to add additional parcels and acreage. Further, since WCLO was inundated with requests to join the group after the results of our negotiations were announced, CHK created a website where additional landowners could sign up to lease their properties using a lease very similar to the one that was negotiated by WCLO. Additionally, walk-ins were signed to leases during WCLO / CHK lease signing meetings at the Black Walnut American Legion in Wyoming County. I have Excel Spreadsheets that I can show the court to help you verify the numbers that I've provided, but we guard that information from public disclosure due to privacy concerns.

As the Coordinator and Managing Member of the WCLO, I have attempted to continue to provide informational updates to the 1669 email addressees that WCLO maintains. In that vein, I have attended several meetings and had numerous conversations with WCLO members and attorneys related to the class action proposal under your review (United States District Court Middle District of Pennsylvania (Scranton), Civil Docket for Case#:3:13-cv-02289-MEM; Demchak Partners Limited Partnership et al. v. Chesapeake Appalachia, L.L.C.).

At a recent meeting of nineteen (19) members of the core group of the WCLO, I was directed to contact you to ask that you <u>DO NOT APPROVE THE PROPOSED SETTLEMENT</u> as requested by Demchak and CHK for the following reasons:

1. The settlement amount proposed is not anywhere close to what the WCLO believes to be reasonable.
2. The WCLO leases contain many provisions that are not in the leases negotiated by Demchak et al. (e.g. dealings with affiliated parties, definitions of affiliated third parties, what constitutes control of third parties, the rights to audit, etc.).
The consensus of the core group of the WCLO is that a forensic audit should be performed by a qualified auditor familiar with the normal systems and procedures utilized by CHK prior to any decisions concerning the creation of a class and the approval of any settlement regarding underpayment or nonpayment of royalties. We believe that the Demchak group's reliance on CHK to provide information as the basis for the settlement shows a rush to settle that does not represent the best interests of all the Lessors that they wish to include in the class. In our opinion, it demonstrates to the members of the WCLO that the Demchak group's counsel rushed to be first to file, hoping to be paid by a class that had not agreed to hire them and that CHK agreed to the settlement to preclude more detailed investigation.
3. In our opinion, the lack of knowledge of the content of the WCLO lease is evident from the terms that were not addressed in the proposed settlement. For example, the WCLO Lease addresses payments to CHK affiliates, such as Appalachia Midstream and Access Midstream. The proposed agreement does not even address CHK basically "paying itself" for these transportation arrangements. The WCLO lease allows the royalty owner to take the gas in kind by notifying the Lessee prior to any month. That raises questions as to whether they would be excluded from the class or not as per section 1.39 of the UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, EXHIBIT 1, Settlement Agreement.
4. I was at the first meeting hosted by Michelle O'Brien and the associated Demchak counsel in Meshoppen, PA. I would estimate over 100 landowners were in attendance, of which only a couple were members of the WCLO. Since that meeting there have been numerous meetings in the region, where several law firms, including the Demchak counsel, made presentations seeking to represent groups of landowners in suits against CHK. The fact that there are only 13 Plaintiffs, including husbands and wives, that chose to be represented by the associated counsel, should give Your Honor an indication of how representative this group is, or should I say is not.
5. The fact that the settlement agreement does not even consider deductions for CHK paying for transportation through pipelines built by a CHK subsidiary and transferred to a master limited partnership that CHK and a partner formed, ran and sold to a company owned by that partner and another entity, for what was perhaps an inflated price with a commitment to utilize the pipeline ( ? transmission line) to transport Lessors' gas in the future, thinking that Lessors would be paying part of the cost, is, in our view, consistent with a rush to "cash in and not dig in".

Judge Mannion, it has been the opinion of a vast majority of the Bradford, Susquehanna, Sullivan, and Wyoming County Lessors with whom I have spoken and with whom the WCLO core group has communicated, that the Demchak settlement may represent the best interests of the Demchak Plaintiffs, and if so good for them. However, it does not represent the best interest of all the Lessors with a MARKET ENHANCEMENT CLAUSE in their lease. Certifying the Demchak litigation as a class

action and approving the proposed settlement will trap many small landowners into an expensive agreement, because these individuals will find it prohibitively expensive to challenge the CHK post production deductions individually. Many small landowners with arbitration clauses in their leases, have heard of the potential Demchak settlement and are unhappy with it. Seeking to improve their options, some have already engaged other group representation while others are still looking. Please be aware that there are other groups with far more participants than the Demchak group, gathering information and seeking a better settlement than the one under your review.

Subsequent to the date that the WCLO landowners signed leases with CHK, some of those leases have been sold, swapped or otherwise transferred to other companies. The court's approval of the Demchak Settlement and certification of the Demchak Plaintiffs as a class would be precedent setting and in the opinion of many would lead CHK's joint venture partners and other companies that are not currently taking the same "MARKET ENHANCEMENT" deductions as CHK does to start, thus impacting many that are now excluded under the settlement. If this settlement is approved by the Court, those companies would have a hard time justifying why CHK pays only 27.5% of the post production costs under the guise of MARKET ENHANCEMENT while they pay 100% because they do not consider it to be MARKET ENHANCEMENT.

Your Honor, the WCLO Lease form is significantly different from many of the other leases in PA and as such it provides alternatives to be pursued that other leases don't. I have been in contact with influential members of a couple other large groups that signed leases with CHK and spoken with two accounting firms familiar with the defendant's normal business practices. The firms, located in Houston and Oklahoma City, indicated that they would do audits on a group basis as long as the lease language and issues are the same. The WCLO lease provides that if the results of the audit are greater than 125% of the cost to perform the audit, the Lessee (CHK) has to pay the cost of the audit. It is the opinion of the WCLO core group that the Demchak settlement would negate or impair this and other terms of the WCLO lease and require the WCLO members to OPT OUT to ensure the ability to fully utilize those sections. Although I can only speculate on the number of landowners/ lessors, and the total acres they own, that will OPT OUT of the proposed settlement agreement, my connections, conversations, and other communications indicate that it will be an overwhelming percentage. For that reason I ask that you REJECT the settlement except for those named Plaintiffs in the Demchak Group, and not certify the Demchak litigation as a class action.

If you have any questions or desire any other information, please feel free to contact me any time. Thank you for your consideration.

Very Respectfully,

*Raynold W Wilson*

Raynold W. Wilson Jr. (Bill)

Coordinator – Wyoming County Landowners
Phone   570-839-2860
Cell    570-730-8311
Email   raynoldwilson@aol.com

Cc:
Clerk of Court
Daniel T. Donovan
Charles J. LaDuca
Douglas A. Clark



R. W. Wilson
33 Holly Forest Rd
Mount Pocono, PA 18344-1127

RECEIVED
SCRANTON
NOV 1 8 2013
FOR _____ DEPUTY CLERK

Clerk of Courts
U.S. Courthouse
235 N Washington Ave
Scranton, PA 18503

18503153423