IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMCHAK PARTNERS LIMITED PARTNERSHIP; JAMES P. BURGER, JR. and BARBARA H. BURGER; WILLIAM A. BURKE, II and CLARA BURKE; WILLIAM A. BURKE, III; EDWARD J. BURKE; DONALD G. FULLER and KAREN M. FULLER; RANDY K. HEMERLY; LAMAR R. KING; LINDA J. SCHLICK; AND JANET C. YOUNG, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHESAPEAKE APPALACHIA, L.L.C.,<br><br>Defendant. | Case No. 3:13-cv-02289<br><br>Hon. Malachy E. Mannion |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE ACTIONS

By way of Motion dated December 30, 2013, Proposed Intervenors moved to consolidate the above-captioned action with *Chesapeake Appalachia, L.L.C. v. Burkett*, Case Number 13-3073, filed on December 20, 2013. Proposed Intervenors hereby submit the following memorandum of law in support of their motion.

### I. PROCEDURAL HISTORY

On September 12, 2013, Proposed Intervenors (89 individuals and a putative arbitration class) filed a motion in the above-captioned case (1) to intervene as

plaintiffs; (2) to compel arbitration; (3) to dismiss; (4) for an injunction; and (5) in the alternative, for other legal and equitable relief [Document # 25]. The crux of the motion was that Proposed Intervenors were already litigating a putative class arbitration against Chesapeake Appalachia, L.L.C. and related entities ("Chesapeake") before the above-captioned plaintiffs (the "Demchak parties") entered into a purported settlement agreement with Chesapeake regarding the same claims. The September 12, 2013 motion is currently pending.

On October 10, 2013, Chesapeake moved to enjoin class proceedings in the arbitration (*Burkett v. Chesapeake Energy Co.*, AAA No. 14 115 00436 13). That motion is likewise pending.

On December 20, 2013, Chesapeake filed a separate action against the named claimants in the arbitration (Russell E. Burkett and Gayle Burkett), again seeking to enjoin the class arbitration. This separate action is captioned *Chesapeake Appalachia, L.L.C. v. Burkett*. The motion for an injunction in the separate action is obviously redundant to the one filed on October 10, 2013.

II. **STATEMENT OF FACTS**

Proposed Intervenors (claimants in the arbitration matter) are aggrieved Pennsylvania landowner-lessors who have lease contracts with Chesapeake for natural gas extractions from their properties. Claimants brought their class arbitration seeking damages arising from Chesapeake's insufficient royalty

2

payments due to improper calculations and deductions. The first arbitration hearing regarding the Panel's authority to certify a class is currently scheduled for January 22, 2014.

## III. STATEMENT OF QUESTION INVOLVED

Should this Court consolidate the two federal actions?

## IV. ARGUMENT

Rule 42(a)(2) of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may consolidate the actions." "The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *Jazz Farms, Inc. v. Roxanne Labs, Inc.*, 2013 U.S. Dist. LEXIS 52842, at *7 (D.N.J. Apr. 12, 2013) (internal citations omitted); *see also Penda Corp v. STK L.L.C.*, 2004 U.S. Dist. LEXIS 3348, (E.D. Pa. March 3, 2004) (consolidating actions); *Mitchell v. Dodrill*, 2009 U.S. Dist. LEXIS 4787 (M.D. Pa. Jan. 23, 2009) (same); *Funk v. Derose*, 2013 U.S. Dist. LEXIS 21716 (M.D. Pa. Jan. 31, 2013) (same).

Consolidating case numbers 13-2289 and 13-3073 is in the interest of economy because both actions involve Chesapeake's attempt to enjoin a putative class arbitration pending against it.

## V. CONCLUSION

Therefore, this Court should consolidate the two actions.

Dated: Jan. 3, 2014
Peckville, Pennsylvania

Respectfully submitted,

*Attorneys for Proposed Intervenors*

/s/ Douglas A. Clark
Douglas A. Clark, Esq. #76041
The Clark Law Firm, PC
1563 Main Street
Peckville, PA 18452
(570) 307-0702
clarkesquire@comcast.net

Gerard M. Karam, Esq. #49625
Mazzoni, Karam, Petorak & Valvano
Suite 201, Bank Towers
321 Spruce Street
Scranton, PA 18503
(570) 348-0776
gmk@mkpvlaw.com

Francis P. Karam, Esq. #77910
Francis P. Karam, Esq. P.C.
12 Desbrosses Street
New York, NY 10013
(212) 489-3900
frank@fkaramlaw.com

*Of Counsel*

Rachel Schulman, Esq. #90704
Rachel Schulman, Esq. PLLC
14 Bond Street, Suite 143
Great Neck, NY 11021
(917) 270-7132
rachel@schulmanpllc.com

## PAGE LENGTH CERTIFICATION (L.R. 7.8(b))

I hereby certify that this memorandum of law complies with L.R. 7.8(b)


/s/ Douglas A. Clark
Douglas A. Clark, Esq.
The Clark Law Firm, PC

## CERTIFICATE OF SERVICE

I, Douglas A Clark, Esquire, hereby certify that on January 3, 2014, a true and correct copy of the foregoing document was served via the ECF system.

Dated: Jan. 3, 2014  
Peckville, Pennsylvania

Respectfully submitted,

/s/ Douglas A. Clark  
Douglas A. Clark, Esq. # 76041  
The Clark Law Firm, PC  
1563 Main Street  
Peckville, PA 18452  
(570) 307-0702  
clarkesquire@comcast.net