# APPENDIX OF UNPUBLISHED CASES CITED

A. *Funk v. Derose*,
   No. 3:12-cv-2282; No. 3:12-cv-2327; No. 3:12-cv-2339,
   2013 U.S. Dist. LEXIS 21716 (M.D. Pa. Jan. 31, 2013)

B. *Jazz Farms, Inc. v. Roxanne Labs, Inc.*,
   No. 10-6108-ES-SCM; No. 12-6761-ES-SCM;
   No. 12-7459-ES-SCM,
   2013 U.S. Dist. LEXIS 52842 (D.N.J. Apr. 12, 2013)

C. *Mitchell v. Dodrill*,
   No. 1:08-CV-01414; No. 1:09-CV-00020,
   2009 U.S. Dist. LEXIS 4787 (M.D. Pa. Jan. 23, 2009)

D. *Penda Corp. v. STK L.L.C.*, No. 03-5578
   2004 U.S. Dist. LEXIS 3348 (E.D. Pa. Mar. 3, 2004)



# Funk v. Derose

United States District Court for the Middle District of Pennsylvania
January 31, 2013, Decided; January 31, 2013, Filed
CIVIL NO. 3:12-CV-2282; CIVIL NO. 3:12-CV-2327; CIVIL NO. 3:12-CV-2339

**Reporter:** 2013 U.S. Dist. LEXIS 21716

CHARLES REUBEN FUNK, Plaintiff v. WARDEN DOMINICK DEROSE, Defendant;CHARLES REUBEN FUNK, Plaintiff v. DEPUTY WARDEN ELIZABETH NICHOLS, Defendant

**Prior History:** _Funk v. Derose, 2012 U.S. Dist. LEXIS 186070 (M.D. Pa., Nov. 28, 2012)_

**Counsel:** [*1] Charles Reuben Funk (3:12-cv-02282), Plaintiff, Pro se, Camp Hill, PA.

Charles Reuben Funk (3:12-cv-02327), Plaintiff, Pro se, Camp Hill, PA.

Charles Reuben Funk (3:12-cv-02339), Plaintiff, Pro se, Camp Hill, PA.

**Judges:** WILLIAM J. NEALON, JR., United States District Judge. MAGISTRATE JUDGE BLEWITT.

**Opinion by:** WILLIAM J. NEALON, JR.

Opinion

**MEMORANDUM**

In November, 2012, Plaintiff, Charles Reuben Funk, who was incarcerated at the Dauphin County Prison [1] ("DCP"), filed three civil rights actions pursuant to _42 U.S.C. § 1983_. (Doc. 1). Plaintiff filed motions for leave to proceed in forma pauperis in each case. (Doc. 2). On November 28, 2012, Magistrate Judge Thomas M. Blewitt screened the complaints and issued a Report and Recommendation ("R&R") [2] recommending that the three cases be consolidated under Civil No. 12-2282 and that the other two cases be closed. (Doc. 6). Further, the Magistrate Judge concludes that Plaintiff failed to exhaust administrative remedies and failed to state a constitutional claim. (Id.). The R&R recommends that the consolidated case also be dismissed and closed. (Id.). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate [*3] judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. _Thomas v. Arn_, 474 U.S. 140, 152, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); _28 U.S.C. § 636(b)(1)(C)_. Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. _Henderson v. Carlson_, 812 F.2d 874, 878 (3d Cir. 1987), writ denied _484 U.S. 837, 108 S. Ct. 120, 98 L. Ed. 2d 79 (1987)_; _Garcia v. I.N.S._, 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. _Cruz v. Chater_, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. _28 U.S.C. § 636(b)(1)(C)_; _M.D. Pa. L. R. 72.3_.

**Discussion**

Having reviewed the instant record, no error is discerned from the R&R. Initially, [*4] Magistrate Judge Blewitt explains the court's obligation to screen complaints when a prisoner wishes to proceed in forma pau-

---

[1] According to the Pennsylvania [*2] Department of Corrections Inmate Locator, Plaintiff is currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"). See http://inmatelocator.cor.state.pa.us/inmatelocatorweb/, last accessed January 31, 2013. Notably, it is Plaintiff's responsibility to inform the Court of a change of address, and his failure to do so could allow for dismissal of the complaints. See Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action for a plaintiff's "failure to prosecute or to comply with these rules or a court order"); M.D. Pa. L.R. 83.18 (requiring an unrepresented party to "maintain on file with the clerk a current address"); _Binsack v. Lackawanna County Dist._, 2011 U.S. Dist. LEXIS 134245 (M.D. Pa. 2011) (Caputo, J.) (dismissing the complaint pursuant to Rule 41(b) and M.D. Pa. Local Rule 83.3.1 for failure to prosecute).

[2] A single R&R was filed for the three cases, but assigned a different docket number in each action. See Civil No. 12-2282 at (Doc. 6); Civil No. 12-2327 at (Doc. 5); Civil No. 12-2339 at (Doc. 7). For purposes of this Memorandum, the R&R will be referred to as (Doc. 6).

peris. (Doc. 6, p. 5), quoting *28 U.S.C. § 1915(e)(2)* (directing a court to dismiss a complaint if the allegation of poverty is untrue; or if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune). The Magistrate Judge then discusses the elements of a *section 1983* civil rights action, specifying that personal liability cannot be based on a theory of respondeat superior. (Doc. 6, pp. 6-7), citing *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Magistrate Judge Blewitt states that the screening process involves the same standards for deciding a Rule 12(b)(6) motion to dismiss. (Doc. 6, pp. 7-8), quoting *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 336 (M.D. Pa. 2010) (Caputo, J.); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (stating [*5] that a court need not "accept legal conclusions set forth as factual allegations"); FED. R. CIV. P. *8* (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief").

The R&R provides the background and allegations of Plaintiff's complaints. See (Doc. 6, pp. 3-4, 8). Specifically, in Civil No. 12-2282, Plaintiff alleges that he is a sex offender, but the DCP is refusing to place him on the sex offender housing block and is denying him sex offender treatment. (Id.). In Civil No. 12-2327, Plaintiff repeats his claim that he is wrongfully being denied sex offender housing and treatment. (Id.). He also alleges that Defendant, by filing misconduct reports, wants to keep him on "lockdown in the hole" until he is transferred to SCI-Camp Hill because he raped an inmate. (Id.). The complaint in Civil No. 12-2339 again reiterates Plaintiff's claims that he is wrongfully being denied placement on the sex offender housing block and treatment. (Id.).

The Magistrate Judge finds that to the extent Plaintiff requests compensatory damages against Defendants in their official capacities, his claims must be dismissed with prejudice. (Doc. 6, pp. 9-10). Magistrate Judge [*6] Blewitt explains that the "*Eleventh Amendment* bars a suit against state officials sued in their official capacities...." (Id.), quoting *Atwell v. Schweiker*, 274 Fed. Appx. 116, 118 (3d Cir. 2007). The R&R concludes that Plaintiff can only sue Defendants in their individual or personal capacities. (Id.) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). This Court agrees.

Further, Magistrate Judge Blewitt determines that Plaintiff's three complaints involve common questions of law and fact and, therefore, should be consolidated pursuant to *Rule 42 of the Federal Rules of Civil Procedure*.

(Doc. 6, pp. 10-11). The R&R quotes *Rule 42(a)*, which provides:

> If actions before the court involve a common question of law or fact, the court may:
>
>> (1) join for hearing or trial any or all matters at issue in the actions;
>>
>> (2) consolidate the actions; or
>>
>> (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. *42(a)*. The Magistrate Judge finds that the complaints raise "almost the exact same constitutional claims against Defendants who are both supervisory officials at DCP." (Doc. 6, pp. 10-11). Magistrate Judge Blewitt recommends that the cases be consolidated [*7] into Civil No. 12-2282 and that the matter should proceed under that action number. (Id.) (citing *Bradley v. Family Dollar, Inc.*, 2010 U.S. Dist. LEXIS 139254 (M.D. Pa. 2010) (Blewitt, M.J.), adopted by, *2011 U.S. Dist. LEXIS 1897 (M.D. Pa. 2011)* (Conner, J.)). This Court will adopt Magistrate Judge Blewitt's analysis and follow his recommendation.

Next, the R&R states, "Plaintiff readily admits on the face of all three of his Complaints that he failed to complete the grievance process available at DCP regarding his instant claims and he contends that prison staff refuse to respond to his grievances." (Doc. 6, p. 11). Magistrate Judge Blewitt reasons, however, that the prison did not have "an opportunity to respond to Plaintiff's November 9, 2012 DCP Inmate Request Forms ... since Plaintiff signed his two civil rights Complaints against Warden DeRose on November 8, 2012, and signed his civil rights Complaint against Deputy Warden Nichols on November 16, 2012. (Id. at pp. 4-5, 11-16). The Magistrate Judge determines that a "prisoner is barred from bringing a civil rights action in federal court 'until such administrative remedies as are available have been exhausted.'" (Id. at p. 12) [*8] (quoting *42 U.S.C. §1997e(a)*). Importantly, the exhaustion requirement is not satisfied if the inmate fails to completely exhaust available remedies prior to bringing a federal lawsuit. (Id. at pp. 13-14), citing *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) (concluding that a plaintiff must exhaust inmate grievance procedures before initiating a *section 1983* suit); *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (holding that "a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 465 (M.D. Pa. 2010) (Rambo, J.). Magistrate Judge Blewitt determines that a court may sua sponte dismiss a complaint when it is

clear that the administrative remedy process is not complete. (Id. at p. 12), citing *McPherson v. United States*, 392 Fed. Appx. 938 (3d Cir. 2010) (holding that if it is apparent from the face of the complaint that the prisoner failed to exhaust administrative remedies, the court may sua sponte dismiss the complaint). The Magistrate Judge finds that DCP had an administrative remedy policy and that Plaintiff does not claim that prison [*9] officials precluded him from filing a grievance; rather, Plaintiff did not give the DCP adequate time to respond. (Doc. 6, p. 15). Furthermore, the DCP grievance procedures provide four levels of review. See *Mangus v. Dauphin County Prison*, 2010 U.S. Dist. LEXIS 11205, *18 (M.D. Pa. 2010) (Carlson, M.J.), adopted by, *2010 U.S. Dist. LEXIS 11200 (M.D. Pa. 2010)* (Conner, J.). To properly exhaust administrative remedies, Plaintiff must wait for a response from the Warden and then, if his grievance is denied, appeal the denial through three additional levels. See *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) ("requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out'"). Accordingly, Magistrate Judge Blewitt recommends that Plaintiff's consolidated case be dismissed for failure to exhaust. After review of the exhaustion issue, this Court will adopt the R&R.

The Magistrate Judge then addresses the merits of Plaintiff's claims. (Doc. 6, pp. 17-20). Magistrate Judge Blewitt finds that Plaintiff fails to sufficiently allege personal involvement of Defendants DeRose or Nichols. (Id. at pp. 17-18), citing *Innis v. Wilson*, 334 Fed. Appx. 454, 457 (3d Cir. 2009) [*10] (dismissing the prisoner's claims because the defendant must have personal involvement and because liability cannot be based on supervisory liability); *Rode*, 845 F.2d at 1207. Moreover, the Magistrate Judge concludes that even if Plaintiff had successfully alleged personal involvement of Defendants, Plaintiff has not pled a constitutional violation. (Id. at pp. 19-20), citing *Garcia v. Kimmel*, 2009 U.S. Dist. LEXIS 81797, *34-35 (W.D. Pa. 2009) (concluding that prisoners have no constitutional right to be placed in a particular housing unit or to participate in any specific programs), affirmed by, *381 Fed. Appx. 211, 2010 U.S. App. LEXIS 10737 (3d Cir. 2010)*. Consequently, the R&R recommends that Plaintiff's claims be dismissed with prejudice.

After review, this Court will adopt the findings in the R&R as to the insufficiency of Plaintiff's constitutional claims. This Court agrees with Magistrate Judge Blewitt that the allegations do not state a claim for relief. However, if Plaintiff had exhausted all available remedies, this Court would give him an opportunity to amend to attempt to cure the deficiencies in the complaints before dismissing the matter with prejudice. Accordingly, the action will be dismissed [*11] without prejudice for failure to exhaust.

**Conclusion**

In the absence of objections, the R&R has been reviewed for plain error and will be adopted. Magistrate Judge Blewitt correctly determines that Plaintiff's request for compensatory damages against Defendants in their official capacities must be dismissed with prejudice under the *Eleventh Amendment*. This Court also agrees with the Magistrate Judge's conclusion that Plaintiff's three complaints should be consolidated pursuant to *Rule 42 of the Federal Rules of Civil Procedure* because they involve common questions of law and fact. Accordingly, the actions will be consolidated into Civil No. 12-2282. Further, Magistrate Judge Blewitt rightly concludes that Plaintiff failed to exhaust administrative remedies, and that Plaintiff has not pled a constitutional claim. Because this Court would normally provide Plaintiff with time to amend before dismissing his case with prejudice, this Court will dismiss the action without prejudice for Plaintiff's failure to exhaust administrative remedies. All three cases will be closed.

A separate Order will be issued.

**Date: January 31, 2013**

/s/ William J. Nealon, Jr.

**United States District Judge**

**ORDER**

**AND NOW, [*12]** THIS 31ST DAY OF JANUARY, 2013, for the reasons set forth in the Memorandum issued this date, **IT IS HEREBY ORDERED THAT:**

> 1. The Report and Recommendation is **ADOPTED**;
>
> 2. The Clerk of Court is instructed to **CONSOLIDATE** the cases docketed at Civil No. 12-2327 and Civil No. 12-2339 into Civil No. 12-2282; and to **CLOSE** Civil No. 12-2327 and Civil No. 12-2339;
>
> 3. Plaintiff's request for compensatory damages against Defendants in their official capacities is **DISMISSED with prejudice**;
>
> 4. The consolidated case, Civil No. 12-2282, is **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies;
>
> 5. The Clerk of Court shall **CLOSE** the consolidated case at Civil No. 12-2282;
>
> 6. Plaintiff's motion for leave to proceed in forma pauperis, (Doc. 2), filed in the consolidated case, Civil No. 12-2282, is **GRANTED** solely for the purposes of filing this action; and
>
> 7. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

/s/ William J. Nealon, Jr.     **United States District Judge**

Francis Karam

B

# Jazz Pharms., Inc. v. Roxane Labs., Inc.

United States District Court for the District of New Jersey
April 12, 2013, Decided; April 12, 2013, Filed
Civil No. 10-6108-ES-SCM; Civil No. 12-6761-ES-SCM; Civil No. 12-7459-ES-SCM

**Reporter:** 2013 U.S. Dist. LEXIS 52842; 2013 WL 1596790

JAZZ PHARMACEUTICALS, INC., Plaintiff, v. ROXANE LABORATORIES, INC., Defendant.

**Notice:** NOT FOR PUBLICATION

**Prior History:** *Jazz Pharms., Inc. v. Roxane Labs., Inc., 2013 U.S. Dist. LEXIS 28374 (D.N.J., Feb. 28, 2013)*

**Counsel:** [*1] For JAZZ PHARMACEUTICALS, INC. (2:10-cv-06108), Plaintiff, Counter Defendant: CHARLES MICHAEL LIZZA, WILLIAM C. BATON, SAUL EWING, LLP, NEWARK, NJ.

For ROXANE LABORATORIES, INC. (2:10-cv-06108), Defendant: MARK S. OLINSKY, THEODORA T. MCCORMICK, LEAD ATTORNEYS, BRIAN NICHOLAS BIGLIN, SILLS CUMMIS & GROSS PC, NEWARK, NJ; JOSEPH NICHOLAS FROEHLICH, LOCKE, LORD, LLP, NEW YORK, NY.

For ROXANE LABORATORIES, INC. (2:10-cv-06108), Counter Claimant: MARK S. OLINSKY, THEODORA T. MCCORMICK, LEAD ATTORNEYS, SILLS CUMMIS & GROSS PC, NEWARK, NJ; JOSEPH NICHOLAS FROEHLICH, LOCKE, LORD, LLP, NEW YORK, NY.

For JAZZ PHARMACEUTICALS, INC. (2:12-cv-06761), Plaintiff: CHARLES MICHAEL LIZZA, WILLIAM C. BATON, SAUL EWING, LLP, NEWARK, NJ.

For ROXANE LABORATORIES, INC. (2:12-cv-06761), Defendant: ANDREA LYNN WAYDA, LOCKEW LORD LLP, NEW YORK, NY; BRIAN NICHOLAS BIGLIN, THEODORA T. MCCORMICK, SILLS CUMMIS & GROSS PC, NEWARK, NJ.

For ROXANE LABORATORIES, INC. (2:12-cv-06761), Counter Claimant: BRIAN NICHOLAS BIGLIN, THEODORA T. MCCORMICK, SILLS CUMMIS & GROSS PC, NEWARK, NJ.

For JAZZ PHARMACEUTICALS, INC. (2:12-cv-06761), Counter Defendant: CHARLES MICHAEL LIZZA, SAUL EWING, LLP, NEWARK, NJ.

For JAZZ PHARMACEUTICALS, [*2] INC. (2:12-cv-07459), Plaintiff: CHARLES MICHAEL LIZZA, WILLIAM C. BATON, SAUL EWING, LLP, NEWARK, NJ.

For ROXANE LABORATORIES, INC. (2:12-cv-07459), Defendant: ANDREA LYNN WAYDA, LOCKEW LORD LLP, NEW YORK, NY; BRIAN NICHOLAS BIGLIN, MARK S. OLINSKY, THEODORA T. MCCORMICK, SILLS CUMMIS & GROSS PC, NEWARK, NJ.

**Judges:** Honorable Steven Mannion, U.S.M.J.

**Opinion by:** Steven Mannion

**Opinion**

## ORDER AND OPINION ON MOTION TO CONSOLIDATE ACTIONS

[D.E. 188]

## I. INTRODUCTION

This matter comes before the Court on the motion of Plaintiff Jazz Pharmaceuticals, Inc., ("Jazz") to consolidate *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 10-6108 with *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 12-6761 and *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 12-7459. (*See* D.E. 188, Jazz's Motion to Consolidate). Defendant Roxane Laboratories, Inc., ("Roxane") opposes the motion. For the reasons set forth below, the Court will grant Plaintiff's motion.

## II. BACKGROUND

This is an action for patent infringement arising from Roxane's filing of Abbreviated New Drug Application ("ANDA") No. 202-090 with the U.S. Food and Drug Administration ("FDA") seeking approval to [*3] commercially market a generic version of Jazz's drug product XYREM® prior to the expiration of various patents owned by Jazz.[1] XYREM® is an oral solution containing the active pharmaceutical ingredient sodium oxybate, and is

---

[1] Pursuant to the Drug Price Competition and Patent Term Restoration Act, 21 U.S.C. § 301, *et seq.* (also known as the "Hatch-Waxman Act"), a generic pharmaceutical manufacturer may seek expedited approval to market a generic version of a previ-

marketed for the treatment of excessive daytime sleepiness and cataplexy in patients with narcolepsy." (*See* D.E. 188-1, Jazz's Brief in Support of Motion, at *5). Since Jazz filed its initial Complaint in Civil Action No. 10-6108, two other actions have been consolidated with the instant matter: *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 11-660; and *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 11-2523.

All of the patents-in-suit, the '431, '889, '219, '506 (together, "the '431 patent family"), as well as the '650 patent that Jazz seeks to consolidate in the instant motion, contain claims related to sodium oxybate, and methods of use and administration of pharmaceutical compounds containing sodium oxybate. (*See* D.E. 188-1, Jazz's Brief in Support of Motion). In seeking consolidation of its lawsuit alleging infringement of the '650 patent with its earlier filed lawsuits, Jazz contends that the '650 patent contains claims that [*5] are substantially similar to the patents in the '431 patent family. *Id.* at *5-8. Accordingly, Jazz contends that there exists common issues regarding infringement, and that the "same questions concerning whether Roxane's ANDA product meets the limitations of the '431, '889, '219, and '506 patents also apply to the '650 patent." *See id.* at *8. Likewise, Jazz asserts that Roxane's allegations regarding the alleged invalidity of the claims of the '431 patent family will involve largely the same evidence as Roxane's allegations concerning the '650 patent. *Id.* at *8-9. In light of this alleged overlap regarding infringement and invalidity issues, as well as relevant evidence, Jazz asserts that consolidation is appropriate. *Id.*

In contrast, Roxane contends that consolidation is inappropriate because the claims of the patents within the '431 family are different from those of the '650 patent, and thus consolidation would not streamline pretrial proceedings. (*See* D.E. 197, Roxane's Brief in Opposition, at *1). For instance, Roxane asserts that even if the inventors named on the face of the '650 patent are the same as those named on the other patents in the '431 family, additional discovery [*6] on each of the named inventors of the '650 patent may be necessary in light of issues specific to the '650 patent that were not relevant in earlier depositions. *See id.* at *6. Furthermore, Roxane asserts that it will suffer prejudice if the two pending actions are consolidated, as doing so will further postpone the launch of its ANDA product. *Id.*

Lastly, Jazz also seeks to consolidate Civil Action No. 12-7459, a recently filed patent action for infringement of U.S. Patent No. 8,324,275 (the "'275 patent"). According to Jazz, the '275 patent was filed on April 13, 2012, and is a "continuation in the chain of the '431 patent family." (*See* D.E. 188-1, Jazz's Brief in Support of Motion, at *11). Jazz asserts that the claims of the '275 patent are "substantially similar to the claims of the '506 patent already-in-suit," and that issues of law and fact concerning the validity of '275 patent will be duplicative of issues already pending in the current action. *Id.* Roxane has accepted service of the Complaint in the '275 action and has agreed that, at a minimum, the '275 patent action should be consolidated with the '650 patent action. (*See* D.E. 197, Roxane's Brief in Opposition, at *9).

### III. [*7] LEGAL STANDARD AND ANALYSIS

Pursuant to *Fed. R. Civ. P. 42(a)*, consolidation may be appropriate when actions "involve a common question of law or fact". "The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In Re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (internal citations omitted). Under *Rule 42(a)* a District Court has broad discretion in determining whether to consolidate cases, and in making its decision,

> the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the sing-trial and multiple-trial alternatives.

*A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003) (internal citations omitted). Thus, a court's decision regarding consolidation is highly contextual, as a district court must consider the particular facts and circumstances of each individual case. [*8] *See In Re Cent. European Distrib. Corp.*, 2012 U.S. Dist. LEXIS 160248, at *23 (D.N.J. Nov. 8, 2012) (citing *Wright & Miller* § 2383).

After considering the parties' submissions and all other relevant factors in this matter, the Court, in its discretion, will grant Jazz's motion to consolidate. First, the

---

ously approved drug by submitting an ANDA to the FDA. *See* 21 U.S.C. § 355(j). Pursuant to the Hatch-Waxman Act, an ANDA applicant must show that its generic product is the equivalent of the previously approved drug, and for each patent applicable to the previously approved [*4] drug the ANDA must include a certification: (1) that such patent has not been filed (a "Paragraph I" certification); (2) that such patent has expired (a "Paragraph II" certification); (3) of the date on which such patent will expire (a "Paragraph III" certification); or (4) that such patent is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted (a "Paragraph IV" certification). *See* 21 U.S.C. § 355(j)(2)(A)(vii). The submission of an ANDA containing a Paragraph IV certification constitutes a technical act of patent infringement. *Eli Lilly and Company v. Medtronic, Inc.*, 496 U.S. 661, 678, 110 S. Ct. 2683, 110 L. Ed. 2d 605 (1990).

Court notes that the parties in these two actions are identical. Second, many issues pertaining to infringement are shared between the '650 patent and the patents of the '431 patent family, such as pH, microbial resistance, and chemical stability. As Jazz notes in its moving papers, "six of the nine references cited in Roxane's notice letter of its Paragraph IV Certification concerning the alleged invalidity of the '650 patent have already been cited by Roxane in its invalidity contentions in the earlier-filed case." (*See* D.E. 188-1, Jazz's Brief in Support of Motion, at *8). Accordingly, a finding of infringement or non-infringement regarding the claims of the patents of the '431 patent family would likely be repeated with regard to the '650 patent, and it is likely that there will be considerable overlap between the evidence used in both actions. As such, it is this Court's determination [*9] that streamlining the two proceedings by way of consolidation is appropriate at this time.

While some delay in the '650 patent proceedings may result from consolidation, the Court finds that a balance of all relevant considerations favors joining the two actions. The two cases clearly share significant common questions of law and fact. Both cases involve patents for sodium oxybate, and claims to methods of using the pharmaceutical compositions to treat daytime sleepiness. (*See* D.E. 188-1, Jazz's Brief in Support, at *6). So, the Court finds that there is substantial overlap among the patents that Roxane is alleged to have infringed, and that consolidation is appropriate.

The Court acknowledges Roxane's argument that there are specific issues and defenses relating to the '650 patent that may be distinguished from those that pertain to the '431 patent family patents, such as the defense of inequitable conduct. (*See* D.E. 197, Roxane's Brief in Opposition, at *6). However, the Court notes that, with regard to Roxane's inequitable conduct defense, the ultimate success of that defense is likely to hinge upon allegations of prior art that Roxane has alleged in its invalidity defenses against [*10] the '431 patent family patents. [2] See *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1291-92 (Fed. Cir. 2011). Further, while Roxane asserts that it may face prejudice if it were forced to delay the launch of its ANDA due to the threat of patent infringement, the Court notes that the FDA has not yet granted final approval of Roxane's ANDA product. (*See* D.E. 197, Roxane's Brief in Opposition, at *7-8). Additionally, even if litigation involving the '431 patent family patents was resolved, litigation related to the '650 patent would nevertheless remain pending. Accordingly, it is this Court's determination that, under the present circumstances, the possible risk of delay and prejudice that may result from consolidation does not outweigh the benefit of joining the two related actions, Civil Action Nos. 10-6108 and 12-6761.

Finally, the Court will consider Jazz's request to also consolidate the '275 patent action. (*See* D.E. 188-1, Jazz's Brief in Support of Motion, at *11-12). The parties agree that the newly filed '275 patent action should be included in the event that this Court grants Jazz's motion to consolidate, as doing so will minimize any additional delay and streamline the discovery process. (*See id.*; *see also* D.E. 197, Roxane's Brief in Opposition, at *10). Considering all of the above, and further noting that the '275 patent action appears to share common issues of law and fact with the other actions pending before this Court, the Court will grant the parties' request to consolidate the '275 patent action with Civil Action No. 10-6108.

## IV. [*12] CONCLUSION

For all of the reasons above, the motion to consolidate is **GRANTED** and Civil Action Nos. 10-6108, 12-6761, and 12-7459 shall be consolidated for all purposes.

IT IS ON THIS 8th day of April, 2012,

**ORDERED** that Civil Action Nos. 12-6761 and 12-7459 are hereby consolidated with Civil Action No. 10-6108; and it further

**ORDERED** that the above captioned docket number, Civil Action No. 10-6108-ES-SCM, will be the **LEAD ACTION**.

/s/ Steven Mannion

Honorable Steven Mannion, U.S.M.J.

United States District Court,

for the District of New Jersey

phone: 973-645-3827

4/12/2013 10:00:58 AM

Date: April 12, 2013

---

[2] The court in *Therasense* noted, in discussing the materiality of prior art needed for an inequitable conduct defense, that "the materiality required to establish inequitable conduct is but-for materiality." 649 F.3d at 1291. Thus, prior art is but-for material if "the PTO would not have allowed a claim if it had been aware of the undisclosed reference." [*11] *Id.* An exception to the but-for materiality requirement exists in cases of affirmative egregious misconduct, such as the filing of an unmistakably false affidavit. *Id.* at 1292. In such cases, affirmative egregious misconduct is deemed material. *Id.* The Court notes, however, that mere nondisclosure of prior art references to the PTO, or failure to mention prior art references in an affidavit, does not constitute affirmative egregious misconduct. *See id.*

C

# Mitchell v. Dodrill

United States District Court for the Middle District of Pennsylvania
January 23, 2009, Decided; January 23, 2009, Filed
CIVIL NO. 1:08-CV-01414; CIVIL NO. 1:09-CV-00020

**Reporter:** 2009 U.S. Dist. LEXIS 4787

TROY F. MITCHELL, Plaintiff v. SCOTT DODRILL, et al., Defendants; TROY F. MITCHELL, Plaintiff v. WARDEN BLEDSOE, et al., Defendants

**Subsequent History:** Summary judgment granted, in part, summary judgment denied, in part by *Mitchell v. Dodrill, 2010 U.S. Dist. LEXIS 20652 (M.D. Pa., Mar. 5, 2010)*

**Prior History:** *Mitchell v. Dodrill, 2008 U.S. Dist. LEXIS 89705 (M.D. Pa., Nov. 5, 2008)*

**Counsel:** [*1] Troy F. Mitchell, Plaintiff (1:08-cv-01414-SHR-AM), Pro se, LEWISBURG, PA.

For Scott Dodrill, Northeast Regional Director, B.A. Bledsoe, Warden, Troy Williamson, Former Warden, Marriano, Associate Warden, Estrada, Associate Warden, Passaniti, Captain, Hollenbach, Unit Manager, Defendants: Dennis Pfannenschmidt, LEAD ATTORNEY, U.S. Attorney's Office, Harrisburg, PA; Timothy Judge, LEAD ATTORNEY, U.S. Attorney's Office - Prisoner Litigation Unit, Scranton, PA.

Troy Foster Mitchell, Plaintiff (1:09-cv-00020-SHR-AM), Pro se, LEWISBURG, PA.

**Judges:** SYLVIA H. RAMBO, United States District Judge.

**Opinion by:** SYLVIA H. RAMBO

**Opinion**

## MEMORANDUM

Plaintiff Troy F. Mitchell ("Mitchell") initiated both of the above-captioned *Bivens* [1] -styled civil rights actions pursuant to *28 U.S.C. § 1331*. Mitchell is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). In civil action number 1:08-cv-01414, Mitchell names as Defendants Northeast Regional Director Scott Dodrill, USP-Lewisburg Warden B.A. Bledsoe, former Warden Troy Williamson, Associate Warden Marriano, Associate Warden Estrada, Captain Passaniti, and Unit Manager Hollenbach. In civil action number 1:09-cv-00020, Mitchell names [*2] as Defendants USP-Lewisburg Warden Bledsoe, former Warden Williamson, and Associate Warden Marriana, Associate Warden Estrada, Captain Passaniti, psychologist Contri, Lt. Carrasquillo, and hospital administrator Brown. For the reasons set forth below, the actions will be ordered consolidated, and Mitchell will be granted leave to file one all-inclusive amended complaint.

## I. Background

In each complaint, Mitchell sets forth a number of constitutional violations relating to the special management unit ("SMU") at USP-Lewisburg. In the complaint docketed at 1:08-cv-01414, Mitchell alleges that prison officials subjected him to cruel and unusual punishment while he was housed in the SMU. Specifically, he is challenging his placement in the SMU and the conditions in the SMU. Further, he [*3] claims that he sustained serious injury to his hearing when prison officials needlessly shot him with a concussion grenade during a riot in the SMU which took place in March of 2008. Mitchell also alleges that prison officials violated his due process rights in subsequent administrative proceedings addressing his grievances with respect to the conditions in the SMU and the use of force upon him during the March 2008 riot. In the complaint docketed at 1:09-cv-00020, Mitchell sets forth the same allegations relating to his time spent in the SMU. Each complaint spans the time period from October 2007 through June 2008. As relief, Mitchell seeks monetary damages as well as injunctive relief.

## II. Discussion

A review of both *Bivens* actions reveals that they involve common facts and questions of law. For the reasons outlined below, the court will direct that the cases be consolidated pursuant to *Federal Rule of Civil Procedure 42(a)* and the consolidated matter will proceed under civil action number 1:08-cv-01414, which was the initially filed action.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)*. *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou, 438 U.S. 478, 504, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978)*.

*Rule 42(a) of the Federal Rules of Civil Procedure* provides:

> (a) Consolidation. If actions before the court involve a common question of law or [*4] fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

*Fed. R. Civ. P. 42(a)*.

A review of the respective civil rights actions reveals that they are significantly similar. The actions assert essentially the same claims for relief, claims relating to Mitchell's treatment in the SMU, and span essentially the same time period. In addition, the actions contain common factors of law and fact. As a result, in the interests of judicial economy, the court will order the consolidation of the two actions pursuant to *Rule 42(a)* and will proceed with the consolidated matter under Mitchell's initially filed action, civil action number 1:08-cv-01414.

Further, in the interests of justice to this *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the court will grant Mitchell the opportunity to file one all-inclusive amended complaint attempting to state an actionable *Bivens* claim against a named defendant or defendants. He will be afforded thirty (30) days from the date of this order within which to file a proper amended complaint.

In preparing his amended [*5] complaint, Mitchell is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by *Rule 8(a)(2)*. *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To meet the standards set forth in *Rule 8*, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v. Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 U.S. Dist. LEXIS 36836, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In [*6] addition, Mitchell is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations. [2] *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 370-73, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

Finally, Mitchell is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, this case will be closed.

An appropriate order will issue.

/s/ Sylvia H. Rambo

SYLVIA H. RAMBO

United States District Judge

Dated: January 23, 2009.

**ORDER**

**AND NOW**, this 23rd day of January, 2009, for the reasons set forth in the accompanying memorandum, **IT [*7] IS HEREBY ORDERED THAT**:

1) The Clerk of Court is directed to **CONSOLIDATE** *Mitchell v. Warden Bledsoe, et al.*, civil no. 1:09-cv-00020, into *Mitchell v. Scott Dodrill, et al.*, civil no. 1:08-cv-01414, pursuant to *Fed. R. Civ. P. 42(a)*.

2) The Clerk of Court is directed to **CLOSE** *Mitchell v. Warden Bledsoe, et al.*, civil no. 1:09-cv-00020.

3) In *Mitchell v. Scott Dodrill, et al.*, civil no. 1:08-cv-01414, the court's order dated December 3, 2008, directing the defendants to answer or otherwise respond to the complaint on or before February 2, 2009 (Doc. 19), is **VACATED**.

---

[2] Mitchell is reminded that the caption of the amended complaint must include all named defendants, including all previously-named defendants from the complaints referenced herein, if he so desires, as well as any newly-named defendants. Furthermore, the body of the complaint must contain allegations relating to all defendants named therein.

Francis Karam

2009 U.S. Dist. LEXIS 4787, *7

4) Within thirty (30) days from the date of this order, Plaintiff may file an amended complaint in accordance with the Federal Rules of Civil Procedure.

5) Failure to submit an amended complaint in accordance with the foregoing memorandum will result in the closure of this case.

/s/ Sylvia H. Rambo

SYLVIA H. RAMBO

United States District Judge

Dated: January 23, 2009.

# D

# Penda Corp. v. STK, L.L.C.

United States District Court for the Eastern District of Pennsylvania
March 3, 2004, Decided
CIVIL ACTION No. 03-5578

**Reporter:** 2004 U.S. Dist. LEXIS 3348; 2004 WL 444580

PENDA CORPORATION v. STK, L.L.C.

**Subsequent History:** Sanctions allowed by, in part *Penda Corp. v. STK, L.L.C., 2004 U.S. Dist. LEXIS 13577 (E.D. Pa., July 16, 2004)*

**Prior History:** *Penda Corp. v. STK, L.L.C., 2003 U.S. Dist. LEXIS 25176 (E.D. Pa., Dec. 3, 2003)*

**Disposition:** Plaintiff's motion to consolidate actions granted.

## Case Summary

**Procedural Posture**
Plaintiff patent holder filed a motion to consolidate the instant action against defendant, a manufacturer of pickup truck bed liners, and an action against defendants, retailers of the product made by the manufacturer. Both actions alleged patent infringement, unfair competition, and false designation of origin under the Lanham Act.

**Overview**
The manufacturer argued that the patent holder filed suit against the retailers in response to the manufacturer's motion to transfer and that the complaint against the retailers failed to state a claim in whole or in part. The court held that neither argument was relevant to determining whether to consolidate the cases under *Fed. R. Civ. P. 42* but noted that the consolidation of the cases did not resolve the transfer issue. The court concluded that consolidation was proper because both actions involved common questions of law and fact as they both involved claims for infringement of the same two patents based on the same products. The court distinguished cases relied upon by the manufacturer because those cases involved different products infringing on the same patents. It did not make sense to litigate a case against the retailers separately from the case against the manufacturer where both cases involved the exact same product.

**Outcome**
The court granted the motion to consolidate.

**Counsel:** [*1] %105:For PENDA CORPORATION, Plaintiff: ALFRED W. ZAHER, WOODCOCK WASHBURN LLP, PHILADELPHIA, PA. JOHN P. DONOHUE, JR., WOODCOCK WASHBURN LLP, PHILADELPHIA, PA.

For CAR-MIC ENTERPRISES, INC., Defendant: JOHN M. ADAMS, PRICE & ADAMS, PITTSBURGH, PA.

For CAR-MIC ENTERPRISES, INC., Counter Claimant: JOHN M. ADAMS, PRICE & ADAMS, PITTSBURGH, PA.

For CAR-MIC ENTERPRISES, INC., Counter Defendant: JOHN M. ADAMS, PRICE & ADAMS, PITTSBURGH, PA.

**Judges:** MARY A. McLAUGHLIN, J.

**Opinion by:** MARY A. McLAUGHLIN

## Opinion

*MEMORANDUM AND ORDER*

McLaughlin, J.

The plaintiff has moved to consolidate this case with Civil Action No. 03-6240. Both cases allege patent infringement, unfair competition, and false designation of origin under the *Lanham Act.* In a Memorandum dated December 3, 2003, the Court set out some of the procedural history of this case and will not repeat that description here. This case is brought against a manufacturer of pickup truck bed liners. The 03-6240 case is brought against two alleged retailers of the product manufactured by the defendant STK.

STK argues strenuously that this case should not be consolidated with the case against the retailers. In the Court's earlier [*2] decision, the Court discussed the fact that the plaintiff filed the lawsuit against the retailers apparently in response to a motion to transfer filed by STK in this case. Some of the arguments in opposition to consolidation involve arguments that the retailer case does not state a claim in whole or in part. STK also complains loudly about the fact that the retailer case was only filed to prevent transfer to the Western District of Pennsylvania.

The Court concludes that it cannot consider either of those arguments in deciding whether to consolidate the

cases. The Court knows of no legal principle that prohibits someone from filing a lawsuit that is well founded in fact and law in order to give a strategic advantage to itself in another case. Because the defendant retailer, Car-Mic Enterprises, Inc., has answered the 03-6240 case, the Court does not have before it any motion to dismiss and cannot go behind the allegations of the complaint in deciding the consolidation motion. The Court does stress, however, that the grant of the motion to consolidate does not resolve the transfer issue.

*Federal Rule of Civil Procedure 42* states in pertinent [*3] part:

> **HN1** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay.

There is no question that these two actions involve common questions of law or fact. They involve claims for patent infringement of the same two patents for the identical accused bed liners. They also both allege unfair competition and false designation of origin for the identical "SR" trademark against the manufacturer and its retailer. STK argues that one of the patent claims against the retailer will have to be withdrawn. That may or may not be the case; but, at this point, the two complaints contain the same claims of patent infringement.

The defendant cites some cases in which courts have refused to consolidate cases involving infringement of the same patent. As the Court reads those cases, however, the courts were not faced with a situation where not only was it the same patent at issue but the same product at issue. Those cases appear [*4] to involve two different manufacturers who are both alleged to have infringed the same patent. Here, we have exactly the same product at issue. It seems to the Court that it would make no sense to litigate a case against the retailer separately from the case against the manufacturer when both cases involve the exact same product. The Court, therefore, will grant the motion for consolidation of the two cases.

As the Court said above, the consolidation of the two cases does not mean that the transfer motion should be denied. As the Court discussed with the parties in an on the record conference on February 20, 2004, the plaintiff shall have seven (7) days after it receives the Court's order on consolidation to submit any additional arguments in opposition to transfer of the consolidated cases to the Western District of Pennsylvania. The defendant may then have seven (7) days thereafter to reply.

*ORDER*

AND NOW, this day of March, 2004, upon consideration of the Plaintiff Penda Corporation's Motion to Consolidate Actions Pursuant to *Fed.R.Civ.P.42(a)* (Docket # 18), defendant's response thereto, plaintiff's reply, and the conference [*5] held on the record on February 20, 2004, it is hereby ORDERED and DECREED that said motion is GRANTED for the reasons stated in the Memorandum of March 3, 2004.

BY THE COURT:

MARY A. McLAUGHLIN, J.