**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEMCHAK PARTNERS LIMITED PARTNERSHIP, <u>et al.</u>,** | : | **CIVIL ACTION NO. 3:13-2289** |
| | : | |
| **Plaintiffs** | : | **(JUDGE MANNION)** |
| | : | |
| **v.** | : | |
| | : | |
| **CHESAPEAKE APPALACHIA, LLC.,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

**O R D E R**

Pending before the court are the parties' Joint Motion for Preliminary Approval of Class Action Settlement Agreement, (Doc. 3), and Joint Motion for a Hearing Regarding the Motion for Preliminary Approval of Class Action Settlement Agreement, (Doc. 39). For the reasons stated herein, the court will stay any decision on the parties' Joint Motion for Preliminary Approval of the Class Action Settlement Agreement and will dismiss, without prejudice, as moot the parties' Joint Motion for Hearing on the Motion for Preliminary Approval.

By way of relevant background, on April 1, 2013, Russell E. Burkett and Gayle Burkett[1], (the "Burketts"), filed a putative class arbitration before the American Arbitration Association, ("AAA"), raising claims related to their lease of certain gas interests in the Marcellus Shale Region to Chesapeake

---

[1]These individuals are defendants in a declaratory judgment action filed by Chesapeake in this court on December 20, 2013. <u>See</u> <u>Chesapeake Appalachia, LLC v. Burkett</u>, Civil Action No. 13-3073.

Appalachia, Chesapeake Energy Corp., and Chesapeake Energy Marketing, Inc., ("Chesapeake"). See Burkett v. Chesapeake Energy Corp., AAA No. 14 115 00436 13. Specifically, the Burketts alleged that Chesapeake underpaid royalties due to them pursuant to the Market Enhancement Clause in their leases.

Subsequent to the Burketts' putative class arbitration being filed, on August 30, 2013, the instant putative class action was filed in this court in which the named plaintiffs also sought relief based upon the alleged underpayment of royalties under the Market Enhancement Clause by Chesapeake. (Doc. 1). On the same day, the parties to this case filed the pending Joint Motion for Preliminary Approval of the Class Settlement Agreement. (Doc. 3). According to documents filed in this action as well as the putative class arbitration, the Burketts were not privy to the negotiations, including a mediation, which resulted in the proposed class action settlement in this case[2]. Moreover, at the time this action was filed, this court was not made aware by Chesapeake that a related putative class arbitration was pending against it, nor were the Burketts or the AAA panel informed that the instant action had been filed.

With the above-captioned matter pending, Chesapeake argued to the

---

[2]The court acknowledges that settlement negotiations were ongoing prior to the instant action being filed. Those negotiations did not, however, include the Burketts despite Chesapeake having knowledge of the arbitration filed by them.

AAA panel that the district court proceedings preempted class relief in the arbitration for a number of reasons. Despite this, the AAA proceeded to order briefing on the issues then before it.

On December 20, 2013, Chesapeake proceeded to file the previously noted declaratory judgment action against the Burketts in this court in which it sought to have this court issue two declarations: (1) that the court, not an arbitrator, is to decide class arbitrability pursuant to the Burketts' lease, (referred to as the "who decides" issue); and (2) that class arbitration is, in fact, not available pursuant to the Burketts' lease, (referred to as the "clause construction" issue). (See n.1). Subsequently, on December 23, 2013, Chesapeake filed a motion for summary judgment in that action as to the "who decides" issue.

While Chesapeake's declaratory judgment action was pending in this court, with the issue having been raised before it, on January 28, 2014, the AAA panel determined that it had the authority to decide class arbitrability in the first instance and set briefing on the matter of whether arbitration was precluded under the Burketts' agreement with Chesapeake. Subsequently, on September 11, 2014, the AAA panel, upon reconsideration, again found that it had the authority to decide class arbitrability in the first instance and also found that the parties' arbitration agreement did not preclude class treatment. The AAA panel stayed its award for thirty days to permit judicial review. Yet to be determined is whether the arbitration should proceed on a class basis

3

and the scope of any such proceedings.

This court having considered the arguments of both parties on the "who decides" issue by way of Chesapeake's motion for summary judgment in the declaratory judgment action, as well as the Third Circuit's recent opinion in Opalinski v. Robert Half Int'l Inc., ___ F.3d ___, 2014 WL 3733685 (3d Cir. July 30, 2014), by memorandum and order dated October 16, 2014, Chesapeake's motion for summary judgment on the "who decides" issue was denied. In light of the court's denial of summary judgment on the "who decides" issue, the court determined that it need not reach the issues presented in Count II which went to the "clause construction" issue and, therefore, dismissed Count II[3].

With the court's decision in the declaratory judgment action, the parties are now left with overlapping putative class proceedings – one proceeding by way of the Burketts' putative class arbitration and one by way of the above-captioned putative class action in this court. While the actions are in different postures, with the arbitration to decide the substantive issue of whether the plaintiffs are entitled to additional royalties pursuant to the Market Enhancement Clause and the instant action to decide the reasonableness of the proposed settlement before it, there are overlapping issues relating to

---

[3]Chesapeake also had pending motions to vacate the AAA panel's decisions of January 28, 2014, and September 11, 2014, which were also denied by separate memorandum and order dated October 16, 2014. (See Chesapeake v. Burkett, 3:13-3073, Doc. 45, Doc. 46).

class certification. As such, the court will stay any decision on the Joint Motion for Preliminary Approval of the Class Action Settlement Agreement pending the outcome of the AAA panel's determination of whether the arbitration should proceed on a class basis and the scope of any such proceedings.

The Third Circuit has long held that a stay of court proceedings pending arbitration is a remedy that is "within the inherent power of the court and does not require statutory authority." Merritt-Chapman & Scott Corp. v. PA Turnpike Comm'n, 387 F.2d 768, 773 (3d Cir. 1967) (citing Landis v. North American Co., 299 U.S. 248, 254-55 (1936)). See also Vespe Contracting Co. v. Anvan Corp., 399 F.Supp. 516, 519 (E.D.Pa. 1975) (holding that the court "need rely neither on the United States Arbitration Act nor the Pennsylvania Arbitration Act . . . in order to support a decision to grant a stay of proceedings pending arbitration"). Where issues may overlap in a pending district court case and an arbitration, the district court may use its power to stay resolution of the district court action, even where the overlap is not complete, such as where not all of the parties or issues are the same in the actions. See e.g., Crawford v. W. Jersey Health Sys. (Voorhees Div.), 847 F.Supp. 1232, 1240 (D.N.J. 1994) (citations omitted). Resolution of issues related to whether a class will, in fact, be certified in the arbitration and how that case will proceed if a class is certified will bear upon issues raised in this proposed class action settlement. It is inadvisable to have the issue of class certification, whether on the merits of the claims or for settlement purposes only, proceed

simultaneously in this court and in arbitration. The potential for inconsistent rulings and procedural complications leads the court to find that a stay of this action would better serve the parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** any decision on the Joint Motion for Preliminary Approval of Class Action Settlement Agreement, **(Doc. 3)**, is **STAYED** pending a decision by the AAA panel in the Burketts' action as to whether the arbitration should proceed on a class basis and the scope of any such proceedings; and

**(2)** the Joint Motion for a Hearing Regarding the Motion for Preliminary Approval of Class Action Settlement Agreement, **(Doc. 39)**, is **DISMISSED, WITHOUT PREJUDICE, AS MOOT**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 20, 2014**
O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2013 ORDERS\13-2289-06.wpd