**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DEMCHAK PARTNERS LIMITED PARTNERSHIP; JAMES P. BURGER, JR. and BARBARA H. BURGER; WILLIAM A. BURKE, III; EDWARD J. BURKE; DONALD G. FULLER and KAREN M. FULLER; RANDY K. HEMERLY; LAMAR R. KING; LINDA J. SCHLICK; and JANET C. YOUNG, on Behalf of Themselves and All Others Similarly Situated,** : | |
| : | **CIVIL ACTION NO. 3:13-2289** |
| : | |
| : | **JUDGE MANNION** |
| : | |
| : | |
| Plaintiffs : | |
| and : | |
| **RUSSEL E. BURKETT and GAYLE BURKETT,** : | |
| : | |
| Plaintiff-Intervenors : | |
| v. : | |
| **CHESAPEAKE APPALACHIA, LLC,** : | |
| : | |
| Defendant : | |

**ORDER GRANTING CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS SETTLEMENT**

This matter comes before the court on the plaintiffs' unopposed motion for preliminary approval of settlement and certification for settlement purposes of a settlement class. (Doc. 80).

The court, having reviewed and considered the motion, the memorandum in support of the motion, the Amended Class Action Settlement

Agreement ("Amended Settlement Agreement"), the proposed Notice of Class Settlement, and pertinent portions of the entire record in this litigation to date, finds as follows:

On August 30, 2013, the plaintiffs filed in this court a class action complaint, (Doc. 1), against Chesapeake Appalachia, L.L.C., ("Chesapeake"). With the complaint, the plaintiffs also filed a motion for preliminary approval of a proposed settlement, ("Original Settlement"). On September 3, 2013, Chesapeake filed an answer to the complaint. (Doc. 5).

Prior to reaching the Original Settlement, the plaintiffs' counsel and defendant's counsel engaged in exchanges of information for the purpose of clarifying the factual and legal issues, including class certification and the merits of the plaintiffs' claims, and engaged in numerous discussions regarding the litigation and the possibility of a class settlement. To assist the parties in reaching an agreement regarding a class settlement, the parties conducted an in-person mediation before the Honorable Edward N. Cahn (Ret.), the former Chief Judge of the United States District Court for the Eastern District of Pennsylvania, as well as several telephone conferences with the mediator.

On September 12, 2013, Russell Burkett and Gayle Burkett, ("Burketts"), filed a motion to intervene in this case. (Doc. 25). The Burketts, who had filed a putative class arbitration against Chesapeake before the American

Arbitration Association on April 1, 2013, also sought to dismiss the Demchak plaintiffs' case and remove it and the pending claims to that arbitration.

On December 20, 2013, Chesapeake filed a separate action against the Burketts, seeking a declaration enjoining the Burketts from pursuing a class arbitration. See Civil Action No. 3:13-3073, Doc. 1. The Burketts opposed that motion, and filed a motion to consolidate Chesapeake's declaratory action with this case. (Doc. 63 and 65).

While the Demchak plaintiffs' motion for preliminary approval, Chesapeake's request for an injunction, and the Burketts motion for consolidation were all pending, the arbitration panel issued two orders. On January 28, 2014, the panel ruled that it had the authority to decide the gateway question of class arbitrability - whether the Burketts could pursue an arbitration on behalf of a proposed class. On September 11, 2014, the panel re-examined that decision in light of the Third Circuit Court of Appeals' intervening decision in Opalinski v. Robert Half Int'l Inc., 761 F.3d 326 (3d Cir. 2014). The panel adhered to its initial determination that it had the authority to determine class arbitrability. On October 17, 2014, this court denied Chesapeake's motion for summary judgment on the same question in Chesapeake's declaratory action, and denied Chesapeake's motions to vacate the AAA panel decisions from January and September 2014. See Civil Action No. 3:13-3073, Doc. 44 and 46. Thereafter, Chesapeake appealed

those orders to the United States Court of Appeals for the Third Circuit. With the Burketts' arbitration set to proceed, potentially as a class proceeding, this Court stayed the Demchak Plaintiffs' motion for preliminary approval of the Original Settlement. (Doc. 77).

Plaintiffs, Chesapeake and the Burketts engaged in settlement negotiations, including additional mediation sessions under the supervision of Judge Cahn and a second mediator. The parties ultimately reached a settlement encompassing the claims of plaintiffs and those of the Burketts, and which amends the Original Settlement.

The terms of the proposed Amended Settlement are set forth in the Amended Settlement Agreement, attached to the motion as Exhibit 1. The definitions set forth in the Amended Settlement Agreement are incorporated herein by reference. The Amended Settlement Agreement resolves any and all claims of the Settlement Class against the defendant, its affiliates and other parties identified in the Amended Settlement based on the calculation, payment, and/or reporting of royalty payments relating to Gas pursuant to a Market Enhancement Clause of a Pennsylvania Lease, and any and all claims and causes of action that were alleged and/or made in the class action complaint, (Doc. 1), and/or the Burketts' arbitration. The Settlement Class, as defined in the parties' Amended Settlement Agreement, (Ex. 1 at 1.42), includes the following:

4

> [A]ll individuals and entities, including their predecessors and successors-in-interest, who are lessor parties to an oil and gas lease that (a) covers a leasehold located in Pennsylvania, (b) contains a Market Enhancement Clause, and (c) is or has been owned, in whole or in part, by Chesapeake as a lessee, according to the business records maintained by Chesapeake. The Settlement Class excludes (a) Chesapeake, Chesapeake's affiliates, and their respective predecessors and successors; (b) any person or entity who owns a working interest in or operates a gas well in Pennsylvania; (c) any person or entity who receives royalty in kind pursuant to a Pennsylvania Lease; (d) any person (i) whose lease contains a Market Enhancement Clause, (ii) to whom Chesapeake has made no Royalty payments as of the date of the Amended Settlement Agreement, and (iii) whose lease has been sold, transferred, and/or assigned by Chesapeake in its entirety as of the date of the Amended Settlement Agreement; (e) any person or entity who has previously released Chesapeake from liability concerning or encompassing any or all Settled Claims; (f) the federal government; (g) the Commonwealth of Pennsylvania; (h) legally-recognized Indian Tribes; and (i) any person who serves as a judge in this civil action and his/her spouse.

The Amended Settlement Agreement defines the Market Enhancement Clause as:

> "Market Enhancement Clause" means Royalty payment clauses or provisions in an oil and gas lease that preclude the lessee from deducting Post-Production Costs incurred to transform leasehold gas into marketable form or make such gas ready for sale or use but permit the lessee to deduct a pro rata share of Post-Production Costs incurred after the gas is marketable or ready for sale or use. Such clauses are often entitled or referred to as "Market Enhancement Clauses," "MECs" or "Ready for Sale or Use Clauses."

The Amended Settlement Agreement defines Pennsylvania Leases as:

> "Pennsylvania Leases" means each and every oil and gas lease that (a) covers a leasehold located in Pennsylvania, (b) contains a Market Enhancement Clause, and (c) is or has been owned, in

whole or in part, by Chesapeake as a lessee, according to the business records maintained by Chesapeake.

The Amended Settlement Agreement defines Post-Production Costs as:

"Post-Production Costs" means costs for gathering, compressing, transporting, or dehydrating Gas which are incurred before the interconnect point of a Transmission Pipeline. Post-Production Costs does not include transportation costs incurred after Gas has entered the interconnect point of a Transmission Pipeline.

The Amended Settlement Agreement sets forth the Release as follows:

As of the Effective Date, Plaintiffs and the Settlement Class Members, and each of them, for themselves and their respective heirs, agents, officers, directors, shareholders, employees, consultants, joint venturers, partners, members, legal representatives, successors and assigns, hereby expressly agree that they fully and forever release and discharge Defendant, and its parents, present and former affiliates, and subsidiaries, and their respective predecessors, successors, assigns, present, former and future officers, directors, employees, agents, any third party payment processors, independent contractors, successors, assigns, attorneys and legal representatives (collectively, "Defendant Releasees") from any and all of the Settled Claims, except for the rights and obligations created by this Settlement Agreement, and covenant and agree that they will not commence, participate in, prosecute or cause to be commenced or prosecuted against the Defendant Releasees any action or other proceeding based upon any of the Settled Claims released pursuant to this Settlement Agreement. Plaintiffs and the Settlement Class Members hereby further agree that they fully and forever release and discharge all working interest owners on whose behalf Defendant has paid or will pay Royalties pursuant to Pennsylvania Leases from any and all of the Settled Claims, but do so only to the limited extent of Defendant's payments of Gas Royalties on behalf of such working interest owners.

On June 23, 2015, the court requested that the parties provide additional information, including the name of the proposed settlement

administrator, as well as the proposed dates for the events leading to a final fairness hearing. The parties provided that information on July 6, 2015. (Doc. 87).

The class action administrator has been identified as Angeion Group, LLC, ("Angeion"). Angeion's Director of Operations, Charles E. Ferrara, has provided a declaration setting forth Angeion's qualifications, experience and information regarding its impartiality and status as a non-affiliated third party. (Doc. 87, Ex. 1).

The Amended Settlement Agreement appears, upon preliminary review, to be fair, reasonable, and adequate. In determining that the proposed Amended Class Settlement appears to be fair, reasonable and adequate, the court has considered the following: (a) the proposed Class Settlement has been fairly and honestly negotiated; (b) sufficient questions of law and fact exist that make the outcome of a trial on the merits uncertain; (c) the value of the proposed Class Settlement is reasonable, given the possible outcome of protracted and expensive litigation; and (d) the parties and their attorneys, who are very experienced in class action royalty litigation, believe that the Class Settlement is fair and adequate, and recommend that the Class Settlement be preliminarily approved.

The parties entered into the Amended Settlement Agreement only after engaging in a meaningful exchange of information and mediation before the

7

former chief judge of the United States District Court for the Eastern District of Pennsylvania and with full knowledge of the critical factual and legal issues. The Amended Settlement Agreement is the product of non-collusive, arm's-length bargaining among experienced and knowledgeable counsel, including counsel for Chesapeake, plaintiffs, and the Burketts.

The Amended Class Settlement avoids the time and expense of continuing this litigation and/or the related arbitration, for an indeterminate period of time, with attendant risks, costs, and delay for both sides.

Settlement Class Members will receive substantial benefits from the Amended Settlement Agreement. In this respect, Chesapeake has agreed to make a settlement payment to the Class in an amount equal to fifty-five percent (55%) of all Post-Production Costs reflected as deductions from Gas Royalty payments made by Chesapeake to Settlement Class Members under the Pennsylvania Leases prior to June 1, 2014, and thirty-four percent (34%) of all Post-Production Costs reflected as deductions from Gas Royalty payments made by Chesapeake to Settlement Class Members under the Pennsylvania Leases from June 1, 2014, through the month in which the Effective Date occurs. As of September 2015, it is estimated that this payment will be in excess of $17 million. The amount of this settlement payment is materially larger than provided for in the Original Settlement. Chesapeake has also agreed to pay up to Fifty Thousand Dollars ($50,000.00) for Settlement

8

Administrative Costs. Moreover, Chesapeake has agreed to modify how it calculates Royalty payments relating to Gas pursuant to a Market Enhancement Clause of a Pennsylvania Lease on a going-forward basis. This result is particularly beneficial to members of the Settlement Class, who would otherwise be required to litigate these claims through individualized arbitrations.

Chesapeake also benefits from the Amended Settlement Agreement, through the avoidance of protracted and expensive litigation, the final resolution of disputes with the Settlement Class Members, and the promotion of a mutually-productive business relationship with the Settlement Class Members.

The Settlement Class satisfies the prerequisites of Rule 23 of the Federal Rules of Civil Procedure, and the Settlement Class is certified for settlement purposes.

The Class is sufficiently numerous to satisfy Rule 23(a)'s numerosity requirement because it includes more than one hundred people, and joinder of their claims would be impracticable.

The plaintiffs' claims are typical of the Settlement Class Members' claims, in that they and all other Settlement Class Members were allegedly subject to the defendant's alleged improper royalty payment practices pursuant to a common lease provision. The plaintiffs are adequate class

representatives who have no conflicts with the Settlement Class Members, and their counsel have significant experience litigating gas royalty class actions. Therefore, the plaintiffs satisfy the typicality and adequacy requirements of Rule 23(a).

There are factual issues common to all Settlement Class Members - in particular, whether Post-Production Costs are properly deducted from the Settlement Class Members' royalty payments pursuant to the Market Enhancement Clause. The commonality requirement of Rule 23(a) and the predominance requirement of Rule 23(b)(3) are satisfied.

Treatment of this litigation as a class action is superior to resolution through hundreds of separate individual arbitrations and class treatment enhances judicial efficiency. Therefore, the superiority element of Rule 23(b)(3) is satisfied.

The Notice of Class Settlement to be mailed to the members of the Settlement Class (Doc. 85-1 ("Settlement Notice")) adequately informs the Settlement Class Members of the following: (1) the nature of this class action lawsuit; (2) the definition of the proposed Settlement Class; (3) the subject of the Settlement Class Members' claims; (4) that a Settlement Class Member may enter an appearance through an attorney if the Settlement Class Member so desires; (5) that the court will exclude from the Settlement Class any member who timely requests exclusion; (6) the time and manner for

10

requesting exclusion; (7) a description of the terms of the Class Settlement, including information about the Settlement Class Members' right to obtain a copy of the Amended Settlement Agreement; (8) the right of any Settlement Class Member to object to the proposed Class Settlement, and the deadline for any such objections; and (9) the binding effect of the Class Settlement on Settlement Class Members who do not elect to be excluded from the Settlement Class.

The settlement in this action, if finally approved, would settle all claims against Chesapeake, its Affiliates and the other persons and entities identified in the Amended Settlement Agreement. The parties have spent significant time and expense to reach this settlement. Therefore, it appears reasonable that all claims against Chesapeake, its Affiliates and the other persons and entities identified in the Amended Settlement Agreement should be resolved through this settlement.

In light of the court's findings, and pending further consideration of the proposed Class Settlement at the final approval hearing, **IT IS HEREBY ORDERED THAT:**

**(1)** The Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

**(2)** The plaintiffs are appointed Class Representatives for the Class.

**(3)** The plaintiffs' counsel, as identified in Section 1.4 of the Amended

Settlement Agreement are appointed Class Counsel for the Class.

**(4)** The Amended Settlement Agreement is preliminarily approved as being fair, adequate, and reasonable.

**(5)** Notice in compliance with the directives of this order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice of the proposed Settlement Agreement and the Final Approval hearing to the Settlement Class and all persons entitled to receive such notice as potential Settlement Class Members.

**(6)** The court approves as reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure the form and the content of the Settlement Notice, (Doc. 85-1).

**(7)** The Settlement Administrator shall complete the mailing of the Settlement Notice to the Settlement Class Members no later than **Monday, November 2, 2015**.

**(8)** The parties shall file motions and memoranda in support of final approval of the Class Settlement, and Class Counsel shall file their request for attorneys' fees and expense reimbursements no later than **Wednesday, December 2, 2015**.

**(9)** Any member of the Class who wishes to object to or comment on the proposed Class Settlement, or to object to Class Counsel's

request for attorneys' fees, expense reimbursements must postmark and mail such objections or comments no later than **Thursday, December 17, 2015**. In accordance with the procedures set forth in the Settlement Notice, any such objections or comments must be mailed to:

**(a)** Lead Class Counsel at:

Larry D. Moffett
Daniel Coker Horton & Bell, P.A.
P.O. Box. 1396
Oxford, MS 38655-1396

**(b)** Defendant's counsel at:

Daniel T. Donovan
Kirkland & Ellis, LLP
655 15th Street, N.W., Ste 1200
Washington DC 20005-5793

**(c)** The court at:

Clerk of the Court
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Ave.
Scranton, PA 18503

**(10)** Any member of the Class who wishes to exclude himself or herself from the Class Settlement must postmark and mail the exclusion request to Lead Class Counsel and Defendant's counsel at the addresses provided above no later than **Thursday,**

**December 17, 2015**.

(11) No later than **Wednesday, January 6, 2016**, Class Counsel and Defendant may file a response to any Settlement Class Member's objections or comments. A copy of such response shall be mailed to the objecting or commenting Settlement Class Member.

(12) Any Settlement Class Member who wishes to appear and be heard at the final approval hearing must postmark and mail notice of such intention no later than **Monday, January 18, 2016**. Notice of such intention must be mailed to Lead Class Counsel, to Defendant's counsel, and to the Court at the addresses provided above.

(13) The court will conduct a hearing to consider final approval of the proposed Class Settlement, and Class Counsel's request for attorneys' fees and expense reimbursements beginning at **9:30 a.m.** on **Tuesday, February 2, 2016**. The purpose of the final fairness hearing will be to determine whether the Amended Settlement Agreement is fair, adequate, and reasonable; whether Class Counsel's application for an award of attorneys' fees and expense reimbursements should be approved; and whether this Court should enter a final order and judgment approving the Amended Settlement Agreement, dismissing and releasing the

Settled Claims identified in the Settlement Agreement with prejudice.

**(14)** All pending deadlines in this action are stayed until further order of this court.

                                      *s/ Malachy E. Mannion*
                                      MALACHY E. MANNION
                                      United States District Judge

Date: October 2, 2015

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2013 ORDERS\13-2289-10.wpd