## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMCHAK PARTNERS LIMITED PARTNERSHIP; JAMES P. BURGER, JR. and BARBARA H. BURGER; WILLIAM A. BURKE, III; EDWARD J. BURKE; DONALD G. FULLER and KAREN M. FULLER; RANDY K. HEMERLY; LAMAR R. KING; LINDA J. SCHLICK; and JANET C. YOUNG, on Behalf of Themselves and All Others Similarly Situated,** | : : : : : : | **CIVIL ACTION NO. 3:13-2289** **JUDGE MANNION** |
| **Plaintiffs** | : | |
| **and** | : | |
| **RUSSELL E. BURKETT and GAYLE BURKETT,** | : : | |
| **Plaintiff-Intervenors** | : | |
| **v.** | : | |
| **CHESAPEAKE APPALACHIA, LLC,** | : | |
| **Defendant** | : : | |

## MEMORANDUM

Pending before the court is an "emergency" motion to intervene in the above-captioned matter filed on behalf of Edward M. Ostroski and Kathleen M. Ostroski, (Doc. 103), and a motion for hearing on the motion to intervene, (Doc. 143). Based upon the court's review of the Ostroskis' motions, the

motion to intervene will be denied and the motion for hearing will be dismissed as moot.

As the Ostroskis have discussed only permissive intervention in their filings, the court construes their motion to intervene pursuant to Fed.R.Civ.P. 24(b), which provides:

> [U]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b). Thus, for permissive intervention, a proposed intervenor must show that: (1) its motion is timely; (2) it has questions of law or fact in common with the pending action; and (3) intervention will not cause undue delay or prejudice for the original parties. If a third party can satisfy all of these requirements, the court may, in its discretion, grant that third party permissive intervention. However, even where the requirements of Rule 24(b) are met, unlike under Rule 24(a) (intervention as a matter of right), the court is given the ultimate discretion as to whether to allow permissive intervention. See U.S. v. Territory of Virgin Islands, 748 F.3d 514, 524 (3d Cir. 2014) (district court has broad discretion in deciding to allow permissive intervention) (citing Brody ex rel. Sugzdinis v. Spang, 957 F.2d 1108, 1115 (3d Cir. 1992)).

2

In this case, on August 30, 2013, the Demchaks and other plaintiffs filed a proposed class action complaint, in which they seek monetary damages and declaratory and injunctive relief based on alleged underpayment of royalties under common oil and gas leases entered into by the named plaintiffs and others similarly situated in the Commonwealth of Pennsylvania. (Doc. 1). Contemporaneously, the parties filed a motion for preliminary approval of class action settlement. (Doc. 3).

On September 12, 2013, the Burketts filed a motion to intervene in the action, (Doc. 25), which was initially denied by memorandum and order dated September 30, 2014, (Doc. 75, 76). In the meantime, the Demchak plaintiffs, the Burketts and Chesapeake engaged in a number of mediations with various mediators, which resulted in the filing of an amended class action settlement, (Doc. 80), and an unopposed motion by the Burketts to intervene for settlement purposes only on December 18, 2014, (Doc. 78). Ultimately, on October 2, 2015, the court entered an order preliminarily approving the amended class action settlement and scheduled a final fairness hearing.

It was not until December 4, 2015, after the court had already preliminarily approved the amended class action settlement, that the Ostroskis filed their "emergency" motion to intervene, (Doc. 103), along with

3

exhibits, (Doc. 104).[1] On December 9, 2015, both Chesapeake, (Doc. 110), and the named class action plaintiffs, (Doc. 111), filed briefs in opposition to the motion to intervene. The Ostroskis filed supporting documents on December 10, 2015, (Doc. 112), and a reply brief on December 11, 2015, (Doc. 114).

As discussed above, the Burketts attempted to intervene in this action back on September 12, 2013. In initially denying the Burketts' motion, the court noted at that time that, with the original parties set to resolve their claims, "any attempt . . . to intervene would only cause delay in the instant proceedings and prejudice the original parties." (Doc. 75). This same reasoning applies to the Ostroskis' motion even more so today, as over two more years have passed and the court has since preliminarily approved the class action settlement. Any attempt now by the Ostroskis to intervene in this matter would only act to unnecessarily delay the proceedings in this matter, which have already been delayed too long for various other reasons.

---

[1]It is noted that just prior to filing the instant motion to intervene, the Ostroskis filed their own class action complaint for conversion against Chesapeake Energy Corporation and Chesapeake Operating, L.L.C., in the Middle District of Pennsylvania, See Ostroski v. Chesapeake Energy Corp., Civil Action No. 1:15-0234 (Jones, J.), as well as a class arbitration demand and complaint for breach of contract against Chesapeake Appalachia, L.L.C., with the American Arbitration Association.

Moreover, if the court were to allow the Ostroskis to intervene at this juncture of the proceedings, the existing parties who have worked over the past three years to get this matter resolved would certainly be prejudiced by the delay caused by the Ostroskis' intervention. On this basis, the court will deny the Ostroskis' motion to intervene. In turn, the motion for hearing on the motion to intervene will be dismissed as moot. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  April 1, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2289-02.wpd